# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>　　　　Defendants. | Case No.  1:23-cv-00843-JLT-SAB<br><br>ORDER GRANTING MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL OF RECORD FOR DAMEN D. RABB<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE PLAINTIFF'S ATTORNEY OF RECORD AND UPDATE PLAINTIFF'S ADDRESS<br><br>(ECF Nos. 22, 25) |

Currently before the Court is a motion by counsel Brian M. Pomerantz ("Counsel") to withdraw as counsel of record for Plaintiff Damen D. Rabb ("Plaintiff").  (ECF No. 22.)  Having considered the moving papers, the declaration attached thereto, the representations by Counsel at the October 17, 2023 scheduling conference, as well as the Court's file, the motion to withdraw as counsel shall be granted.

## I.

## BACKGROUND

On June 1, 2023, Plaintiff filed this action alleging violations of 42 U.S.C. § 1983.  (ECF No. 1.)  On October 16, 2023, Counsel filed a noticed motion to withdraw as the attorney for Plaintiff.  (ECF No. 22.)  At the scheduling conference held on October 16, 2023, the Court discussed the motion with the parties, confirmed with Counsel that Plaintiff consented to the

1  withdrawal, and instructed the Defendants to file a response to Counsel's motion.  On October
2  18, 2023, Defendants filed a notice of non-opposition to Counsel's motion to withdraw as
3  attorney.  (ECF No. 25.)

## II.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of Practice for the United States District Court, Eastern District of California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).  Except for the requirement of Rule 1.16(c), an attorney shall withdraw from representation if "the client discharges the lawyer."  Cal. R. Prof. Conduct 1.16(a)(4).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared.  L.R. 182(d).  The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw."  Id.  Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on the client and other parties who have appeared in the action.  Cal. R. Court 3.1362(d).

It is within the Court's discretion whether to grant withdrawal.  L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)).  "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3)

1  harm caused to the administration of justice, and (4) delay to the resolution of the case caused by
2  withdrawal." Id. (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4).  Additionally,
3  "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems
4  fit." L.R. 182(d).

## III.

## DISCUSSION

In this instance, counsel has generally complied with the substantive and procedural requirements for withdrawal in this matter.[1]  Based upon the representations by Counsel at the October 16, 2023 scheduling conference and Defendants' non-opposition to Counsel's motion to withdraw from representation (ECF No. 25), the Court finds sufficient grounds under the California Rules of Professional Conduct to allow for Plaintiff's Counsel to withdraw from representation in this matter.  Cal. R. Prof. Conduct 1.16(a)(4).

In exercising the Court's discretion on this motion, "[f]actors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal."  L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine, 2009 U.S. Dist. LEXIS 4238, at *2).  In consideration of these factors and the procedural posture of this action, the Court finds the factors weigh in favor of granting the motion and that good cause exists for withdrawal.

///
///
///

---

[1] The Court notes that Counsel failed to provide, with specificity, Plaintiff's current address in his declaration as required under Local Rule 182(d).  In his declaration, Counsel simply stated Plaintiff "is currently incarcerated at Kern Valley State Prison." (ECF No. 22 at 3.)  However, the Court notes that during the October 17, 2023 scheduling conference, the parties discussed potential consolidation of a related case by Plaintiff, case number 23-cv-01014-ADA-BAM, wherein Plaintiff is proceeding pro se.  The Court notes that the most recent entry on the docket in case number 23-cv-01014-ADA-BAM is an updated address for Plaintiff at "P.O. Box 5102, Delano, CA 93216."  (See case number 23-cv-01014-ADA-BAM, ECF No. 14.)  Based on the representations of Counsel at the October 17, 2023 scheduling conference and his Declaration stating Plaintiff "is currently incarcerated at Kern Valley State Prison" (ECF No. 22 at 3), the Court incorporates the address for Plaintiff listed in case number 23-cv-01014-ADA-BAM as his current address in the instant action.

## IV.

## CONCLUSION AND ORDER

Counsel has generally complied with the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw from representation of Plaintiffs and the Court finds the factors weigh in favor of granting the motion. Thus, the Court is acting within its discretion to grant the motion to withdraw.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel Brian M. Pomerantz's motion to withdraw as counsel of record for Plaintiff Brian M. Pomerantz (ECF No. 12), is GRANTED;

2. The Clerk of the Court is DIRECTED to terminate Brian M. Pomerantz, of the Law Offices of Brian M. Pomerantz, as attorney of record for Plaintiff Damen D. Rabb in this action; and

3. The Clerk of the Court is DIRECTED to update the docket to reflect the address of Plaintiff Damen D. Rabb (P-82951) as Kern Valley State Prison, P.O. Box 5102, Delano, CA 93216, and serve a copy of this order on Plaintiff Damen D. Rabb.

IT IS SO ORDERED.

Dated: __October 19, 2023__                    _____
                                                UNITED STATES MAGISTRATE JUDGE