UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAMEN D. RABB,

Plaintiff,

v.

ESTEVEN FIGUEROA, et al.,

Defendants.

No. 1:23-cv-00843-JLT-SAB (PC)

ORDER VACATING OCTOBER 17, 2023, SCHEDULING ORDER

(ECF No. 24)

**AMENDED** SCHEDULING ORDER

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 17, 2023, the Court held a scheduling conference and issued a scheduling order. (ECF Nos. 23, 24.)

On October 18, 2023, Plaintiff's former-counsel Brian Pomerantz filed a motion to withdraw as attorney. (ECF No. 25.)

On October 20, 2023, the Court granted counsel Brian Pomerantz's motion to withdraw as counsel. (ECF No. 26.)

Because Plaintiff's counsel withdrew after the Court issued the scheduling order on October 17, 2023, and Plaintiff is now proceeding pro se, the Court hereby issues an amended scheduling order.

///

///

Pursuant to Federal Rules of Civil Procedure 1, 16, and 2636, discovery shall proceed as follows:

**Discovery Procedures:**

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and 250.4.

2. Responses to written discovery requests shall be due **forty-five (45)** days after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. See Fed. R. Civ. P.34(a)(1). Documents are deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand. Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

3. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Pursuant to Federal Rules of Civil Procedure 28(a)(1) and 30(b)(4), the court reporter is not required to be in the same physical location as the witness during the deposition. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

4. If discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 13 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131,

133, 135, 142, 144, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California. A discovery motion that does not comply with applicable rules will be stricken and may result in imposition of sanctions. However, unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve the dispute shall not apply. Voluntary compliance with this provision of Rules 26 and 37 is encouraged, and if the Court deems it appropriate in any given case, it will reimpose the good faith meet and confer requirement. A moving party should not seek to compel production of documents which are equally available to that moving party, such as documents in plaintiff's central file.

**Amendment to Pleadings:**

5. The deadline for amending the pleadings is **January 30, 2024**.

**Filing Deadlines:**

6. The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is **February 29, 2024**.

7. The deadline for the completion of all discovery, including filing all motions to compel discovery, is **July 1, 2024**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.

8. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **September 2, 2024**.

9. An opposition or a statement of no opposition to any dispositive and/or summary judgment motion shall be timely filed consistent with Local Rule 230(l). A failure to file that opposition or statement of no opposition shall be construed by this Court as a nonopposition to the motion. If a plaintiff fails to file an opposition or statement of no opposition then the Court will order, or recommend to a district judge, that the case be dismissed for failure to prosecute and/or abide by a court order.

///

10. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.**

IT IS SO ORDERED.

Dated: **October 30, 2023**

UNITED STATES MAGISTRATE JUDGE