UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>          Plaintiff,<br><br>   v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>          Defendants. | No. 1:23-cv-00843-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF No. 30) |

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, field February 16, 2024. (ECF No. 30.) Plaintiff's motion must be denied.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the

applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. Jones, 549 U.S. at 204, 216.  The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted).  If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." Id. (citations omitted). If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. See Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005).

Plaintiff is advised that he is not required to plead and/or prove exhaustion of the administrative remedies because it is an affirmative defense.  Further, To establish the absence of a genuine factual dispute, Plaintiff must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials ..." Fed. R. Civ. P. 56(c)(1)(A); see also Local Rule 260(a). Plaintiff's motion for summary judgment fails to comply with Federal Rule 56(c)(1)(A) and Local Rule 260(a). Litigants who proceed pro se are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Still, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds, Lacey v. Maricopa

County, 693 F.3d 896 (9th Cir. 2012) (en banc).  Accordingly, Plaintiff's motion for summary judgment should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed on February 16, 2024 (ECF No. 30) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 20, 2024**

UNITED STATES MAGISTRATE JUDGE