UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>    Defendants. | No. 1:23-cv-00843-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND BE DENIED AND PLAINTIFF'S FIRST AMENDED COMPLAINT LODGED ON MARCH 21, 2024, BE STRICKEN FROM THE RECORD<br><br>(ECF Nos. 33, 36, 38) |

    Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion to amend the complaint, filed February 23, 2024. (ECF No. 33.) On March 14, 2024, Plaintiff submitted the proposed amended complaint. (ECF No. 36.)

**I.**

**RELEVANT BACKGROUND**

    This action is proceeding against Defendants Figueroa and Chavez for failure to protect under the Eighth Amendment and retaliation under the First Amendment.

    Plaintiff was represented by counsel at the time he filed the instant complaint. (ECF No. 1.)

1

1     Defendants filed an answer to the complaint on August 28, 2023. (ECF No. 16.)

2     On October 10, 2023, the parties filed a Joint Scheduling Report. (ECF No. 20.) The parties agreed that any amended complaint clarifying the harm suffered by Plaintiff would be filed on or before November 28, 2023. (Id. at 3.) The parties did not agree to amending the complaint to add new parties or new causes of action. (Id.) Plaintiff also notified the Court that he believed Rabb v. Cabrera, case number 1:23-cv-1014-ADA-BAM (hereinafter Cabrera Matter), which occurred at Wasco State Prison (WSP), "directly emanates from the harms alleged in this case." (Id.)

On October 16, 2023, Plaintiff's attorney moved to withdraw as counsel. (ECF No. 22.) Defendants did not oppose the motion. (ECF No. 25.) On October 20, 2023, the Court granted Plaintiff's attorney's motion for leave to withdraw as counsel. (ECF No. 26.)

On October 30, 2023, the Court issued the operative Amended Scheduling Order. (ECF No. 27.) The Court set the deadline for amending the pleadings as January 30, 2024, and the deadline for filing motions for summary judgment for failure to exhaust administrative remedies as February 29, 2024. (Id. at 3.)

On February 5, 2024, Plaintiff lodged a first amended complaint (FAC) with the Court. (ECF No. 28.) On February 8, 2024, the Court returned the proposed FAC to Plaintiff and instructed him that he needed to file a motion for leave to amend the complaint or obtain Defendants' consent to file an amended complaint. (ECF No. 29.)

On February 16, 2024, Plaintiff moved for summary judgment on the grounds that he exhausted available administrative remedies. (ECF No. 30.) On February 20, 2024, the Court issued findings and recommendations recommending that Plaintiff's motion for summary judgment be denied. (ECF No. 31.) Later that day, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust available administrative remedies. (ECF No. 32.)

On February 23, 2024, Plaintiff filed the instant motion for leave to amend the complaint. (ECF No. 33.) Plaintiff's motion was not accompanied by a proposed amended complaint, but on March 14, 2024, Plaintiff submitted a proposed amended complaint which is the same proposed

2

complaint constructively filed on January 30, 2024.[1]  (ECF No. 36.)

Defendants filed an opposition on March 4, 2024.  (ECF No. 35.)

On March 21, 2024, Plaintiff submitted a first amended complaint which was lodged by the Court, which should be stricken from the record.[2]  (ECF No. 38.)

Although the time to file a reply to Defendants' opposition has not yet passed, the Court finds a reply unnecessary and the motion is deemed submitted.  Local Rule 230(l).

## II.

## LEGAL STANDARD

The Court issued a pre-trial discovery and scheduling order and Defendants filed an answer to the complaint. Thus, both Rules 16 and 15 of the Federal Rules of Civil Procedure apply to analyzing the instant motion. See Johnson v. Mammouth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)(noting once the district court issues a scheduling order, Rule 16 requires the party seeking to amend to show "good cause" for the amendment and once that is found then the party must demonstrate that amendment is proper under Rule 15)(citing Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)(same)).

Under Rule 16, "good cause" primarily considers the party's diligence in seeking amendment. Johnson, 975 F.2d at 609. Plaintiff sought leave to amend before the deadline set forth in the scheduling order expired. Because Plaintiff's motion was filed within the time permitted under the scheduling order, the Court finds good cause under Rule 16. Thus, the undersigned turns to analyze whether amendment is permitted under Rule 15(a)(2).

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Leave to amend should be denied if amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) would create undue delay, or (4) is futile. Chudacoff

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] As Plaintiff was not authorized to file an amended complaint and has previously sought to amend the complaint, the first amended complaint lodged on March 21, 2024, should be stricken from the record.

v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011)(citations omitted); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991)(noting a "district court does not err in denying leave to amend where the amendment would be futile."); Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989). A "district court does not err in denying leave to amend where the amendment would be futile." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). The burden to demonstrate prejudice falls on the party opposing amendment. DCD Programs, Lt.d v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) is in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"[A p]laintiff may not change the nature of [a] suit by adding new, unrelated claims in [an] amended complaint." Evans v. Neuhring, No. 2:09-cv-00292 TLN AC, 2006 WL 7159246, at *2 (E.D. Cal. Dec. 7, 2016) (internal citations omitted). "Unrelated claims that involve difference defendants must be brought in separate lawsuits." Id.

Futility alone may be grounds for denying leave to amend. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); DCD Progams, Ltd v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

**III.**

**DISCUSSION**

Plaintiff seeks to amend the complaint to add claims and new parties.  (ECF No. 36.)

Defendants argue Plaintiff seeks leave to file a first amended complaint without good cause and in bad faith to include unrelated claims and defendants already pending in a different action in this Court or already addressed in that action, case no. 1:23-cv-01014-KES-BAM (PC), Rabb v. Cabrera, et al. (hereinafter Cabrera).

**A.    Rule 16-Good Cause to Amend**

With application of the mailbox rule, Plaintiff filed the instant motion for leave to amend the complaint on February 19, 2024-almost three weeks after the deadline to amend expired.

1  (ECF Nos. 27, 33.)  Therefore, Plaintiff must initially demonstrate good cause exists to modify the scheduling order before proceeding to amendment under Rule 15.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).

By way of joint scheduling report, the parties agreed Plaintiff would file an amended complaint, if any, on or before November 28, 2023, to clarify[] the harm suffered by Plaintiff." (ECF No. 20 at 3.)  In that filing, Plaintiff also indicated that the Cabrera case "directly emanates from the harms alleged in this case" and "believe[d] the two cases should have been filed as one suit and that in the interests of judicial economy, the cases should be consolidated."  (Id. at 5.)

Although Plaintiff constructively filed the proposed on January 30, 2024, he did not move to amend the complaint or seek Defendants' consent to amendment to include additional parties and claims (as opposed to clarifying the harm suffered) until February 19, 2024  (ECF No. 33.) Plaintiff offers no explanation why the motion to amend was filed late or how he has diligently pursued amending his complaint, especially in light of the fact that he was aware of all the claims asserted in the FAC by at least October 10, 2023.

In addition, Plaintiff filed motions for leave to file a second amended complaint in Cabrera on October 23, 2023, and November 6, 2023, seeking to incorporate the allegations in this case into the second amended complaint in the Cabrera case.  (Cabrera, ECF Nos. 15, 17.) However, Plaintiff failed to do so in this case, despite having filed a motion raising essentially the same grounds in the Cabrera case as early as October 23, 2023.

Accordingly, Plaintiff has not demonstrated due diligence in seeking to amend the complaint and his motion for leave to amend should be denied on this basis alone.  See Johnson, 975 F.2d at 609 (where the plaintiff fails to demonstrate diligence, "the inquiry should end"); see also Manriguez v. City of Phoenix, 654 F.App'x 350, 351 (9th Cir. 2016) ("A party's failure to act diligently is determinative.").  Nonetheless, for the reasons explained below, Plaintiff's motion should also be denied under Rule 15.

**B.     Rule 15-Amendment of Complaint**

In the **operative** complaint, Plaintiff alleges that on June 3, 2022, while housed at Kern Valley State Prison (KVSP, Defendants officers Figueroa and Chavez told other inmates that

1    Plaintiff is a violent sexual predator and was convicted of a sex offense.  (ECF No. 1 at 4-5.)
2    Plaintiff contends he filed a grievance against Defendants for disclosing his sex offense and was
3    subsequently attacked by inmates "at the direction of CDCR officers."  (Id.)

4         In the **proposed** amended complaint, Plaintiff names Figueroa and Chavez, as well as
5    Wasco State Prison officers Cabrera and Gonzalez, California Department of Corrections and
6    Rehabilitation Secretary Macomber, and CDCR, as Defendants.  (ECF Nos. 28, 36.)  Plaintiff
7    alleges these Defendants retaliated against him and failed to protect him by disclosing to other
8    inmates that Plaintiff was a sexually violent predator and registered with the state.  (Id.)  More
9    specifically, he alleges that on June 3, 2022, while housed at KVSP, he observed officer Figueroa
10   telling inmates assigned to assist with distributing the evening meal that Plaintiff is a sexually
11   violent predator and registered with the state.  (Id. at 6.)  Later that evening, Plaintiff heard officer
12   Chavez confirm to an inmate who lived in a neighboring cell that Plaintiff is a sexually violent
13   predator.  (Id.)  Plaintiff alleges that he prevented inmate attacks on June 4 and 5, 2022, by
14   barricading himself in his cell, and ultimately was placed in the administrative segregation unit.
15   (Id.)  On June 7, 2022, Plaintiff was transferred to WSP.  (Id.)  On July 1, 2022, officer Gonzalez-
16   who previously worked at KVSP with officer Figueroa-sarcastically asked Plaintiff "you think
17   you safe[?]"  (Id.)  Then, on July 7, 2022, officer Cabrera opened Plaintiff's cell door, allowing
18   two inmates to attack him.  (Id.)  On July 8, 2022, officer Gonzalez asked Plaintiff "you having
19   fun yet?"  Plaintiff was charged with possession of a weapon that his attackers left in his cell.  (Id.
20   at 7.)  Plaintiff filed an inmate grievance, but prison officials falsified reports.  (Id.)

21        In the **Cabrera** case, the operative complaint alleges that on July 7, 2022, while housed at
22   WSP, officer Cabrera retaliated against Plaintiff for filing a grievance and failed to protect him by
23   opening Plaintiff's cell door, which allowed two inmates to attack him.  (Cabrera, ECF No. 10 at
24   3-5.)  Officer Cabrera "summon[ed] and persuaded" the inmates to attack him because Plaintiff
25   was convicted of a sex offense.  (Id. at 5.)  Plaintiff also claims that officer Gonzalez verbally
26   harassed him, by asking Plaintiff in a "sadistically and maliciously" manner if he felt safe  (Id. at
27   6.)  On July 8, 2022, the day after the attack, Gonzalez asked Plaintiff "you having fun yet[?]"
28   (Id.)

Upon screening the complaint, the Court found that only Plaintiff's failure to protect claim against officer Cabrera was cognizable. (Cabrera, ECF No. 12.)

As previously stated, on October 23, 2023, Plaintiff sought leave to file a second amended complaint based on his belief the events in Cabrera stem from a single course of conduct by Defendants in the instant action. (Cabrera, ECF No. 15.) On October 25, 2023, Plaintiff's request was denied because:

> *Rabb v. Figueroa* brings claims against a completely different set of defendants (Officers Figueroa and Chavez) and arise from events that occurred on June 3, 2022 at Kern Valley State Prison. In [the *Cabrera Matter*], however, Plaintiff's first amended complaint names as defendants Officers Cabrera and Gonzalez, and raises claims arising from events that occurred from July 1, 2022 to July 8, 2022 at Wasco State Prison. Plaintiff has not explained how the addition of facts connecting these two cases—which do not appear to be related—will cure any of the deficiencies identified by the pending findings and recommendations in this action, and therefore amendment at this time appears futile.

(Cabrera, ECF No. 16 at 2-3 (citations omitted.)

Then, on November 6, 2023, Plaintiff again moved for leave to file an amended complaint. (Cabrera, ECF No. 17.) Plaintiff argued the amendment "would allow [him] to provide a nexus between [the Cabrera Matter] and [Rabb v. Figueroa]" because officers Figueroa and Gonzalez worked together at KVSP. (Id.) On November 7, 2023, the Court denied the renewed motion stating "the proposed amendment would be futile and cause unnecessary delay" and "the identified actions do not appear to be relate and Plaintiff has not explained how the addition of facts that would allegedly connect these actions will cure any of the deficiencies identified in the pending findings and recommendations [screening the FAC] in this action." (Cabrera, ECF No. 18 at 2.) The findings and recommendations were adopted in full on January 9, 2024, and the complaint was served on officer Cabrera. (Cabrera, ECF Nos. 22, 23.)

For the reasons explained below, Plaintiff's motion to amend should be denied.

a.   <u>Bad Faith/Undue Delay</u>

"In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." Wizards of the Coast LLC v. Cryptozoic Ent. LLC, 309 F.R.D. 645, 651 (W.D. Wash. 2015).

7

Undue delay, while relevant, will not by itself justify denial of leave to amend. See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant. [Citation omitted.]"); United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ("Specifically, we noted that delay alone no matter how lengthy is an insufficient ground for denial of leave to amend"); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (reversing trial court decision to deny leave to amend after unjustified five-year delay and noting that "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"). Rather, undue delay must usually be coupled with another factor, such as bad faith or undue prejudice, to support denial of leave to amend. See, e.g., AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006).

Under the circumstances in this case, the Court finds that Plaintiff's motion for leave to amend is brought in bad faith. Indeed, Plaintiff's motion seeks to circumvent the Court's orders in the Cabrera action. Duplicative litigation of essentially identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. See, e.g., Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) ("A complaint 'that merely repeats pending or previously litigated claims' " is subject to dismissal under 28 U.S.C. § 1915(e)) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Bailey, 846 F.2d at 1021 ("[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e)); Adams v. California Dept. of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted) ("Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008)).

Here, the majority of the new allegations in the proposed FAC in this case and the allegations in the Cabrera action are identical. For instance, in both actions Plaintiff alleges that while at WSP: (1) he was attacked on July 7, 2022; (2) officer Cabrera retaliated against him for filing a grievance and failed to protect him by opening Plaintiff's cell door; (3) officer Cabrera

8

encouraged the inmates to attack Plaintiff because he was convicted of a sex offense; (4) on July 1, 2022, officer Gonzalez asked Plaintiff "you feel safe[?]"; and (5) on July 8, 2022, officer Gonzalez asked Plaintiff "you having fun yet[?]".  (ECF No. 28; see also Cabrera, ECF Nos. 1, 10.)  The additional allegations refer to incidents which took place at WSP directly after the July 7, 2022 events.  (ECF No. 28-relating to false reports created after Plaintiff filed a grievance about the July 7, 2022 incident at WSP).

In the Cabrera action, the Court previously found that Plaintiff failed to demonstrate how the incidents in both actions were related.  (Cabrera, ECF No. 16 at 2-3.)  The Court also dismissed the claims against officer Gonzalez as not cognizable and dismissed the retaliation claims against officer Cabrera.  (Cabrera, ECF No. 12.)  The remaining allegations as to alleged false reports relate to the Cabrera action and not the instant case.  (Cabrera, ECF No. 10.)  Plaintiff is now trying to evade the Court's orders by reasserting allegations that have already been dismissed, pending, or related to the Cabrera action.  Plaintiff has previously been advised that the allegations in the Cabrera action are unrelated to the allegations in the instant action and certain claims are not cognizable.  Yet, Plaintiff has ignored and is now attempting to violate the Court orders.  Thus, it is clear that Plaintiff's motion for leave to amend the complaint is sought in bad faith as he is attempting to mislead the Court into believing the new allegations are related to this case.  See, e.g., Primus Auto Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (a party demonstrates bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order" or where it "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent").

In addition, Plaintiff delayed in seeking leave to amend the complaint.  Plaintiff knew on October 10, 2023-the date of the parties' joint scheduling statement-that he intended to amend the complaint to clarify the damages sought and his belief that this case and the Cabrera action stem from one incident. (ECF No. 20.)  Moreover, Plaintiff sought to relate the allegations in this action to those in the Cabrera action on October 23, 2023 and November 6, 2023.  Plaintiff then waited almost three months before he constructively filed the FAC without moving for leave to amend to add new defendants and causes of actions on January 30, 2024.  (ECF No. 28.)

1     Accordingly, Plaintiff unduly delayed in seeking leave to amend because he knew as early as
2     October 2023 that he wished to amend the complaint and presented the proposed amendments in
3     the Cabrera action.  See, e.g., Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002)
4     (finding undue delay in seeking amendment where the facts at issue were available to the moving
5     party well before the amendment was sought).
6             b.     Prejudice
7             Defendants argue that granting leave to assert new claims and new parties would prejudice
8     them.
9             In evaluating prejudice, a court may consider whether the proposed amendment would
10    alter the litigation substantially, such as by adding claims or parties, require additional discovery,
11    or cause extreme delay. See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,
12    1079 (9th Cir. 1990) (finding prejudice where proposed amendment introduced new legal theory
13    and litigation was advanced); DCD Programs, Ltd v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)
14    ("Amending a complaint to add a party poses an especially acute threat of prejudice to the
15    entering party" such that "[a]voiding prejudice to the party to be added [is the court's] major
16    objective.").
17            Here, Defendants argue that would unduly prejudice them because it would substantially
18    alter the litigation and cause extreme delay.  To date, the parties have focused on facts, witnesses,
19    and other evidence relevant to Plaintiff's claims against officers Figueroa and Chavez at KVSP.
20    Granting leave to add new defendants and claims would effectively re-start the litigation as those
21    new claims and parties.  Indeed, it would be necessary for the Court to screen any proposed
22    amended complaint, any new defendants would need to be served, and discovery would need to
23    be conducted.  Further, amendment would cause delay as a pending motion for summary
24    judgment for failure to exhaust administrative remedies which, if granted, would dispose of the
25    claims at issue in this action.  Thus, permitting amendment would delay the resolution of this case
26    and prejudice Defendants.  If the motion is granted, amendment would essentially require the
27    litigation to start over and all current work essentially moot and a waste of time and resources.
28

c. <u>Futile</u>

In evaluating a proposed amendment to add parties, a court also considers the requirements of Rule 20. See <u>Desert Empire Bank v. Insurance Co. of N. America</u>, 623 F.2d 1371, 1374 (9th Cir. 1980) (a plaintiff's petition to amend pleadings to add a defendant brings into consideration Rules 15 and 20); <u>Denham v. Aranda</u>, No. 09-cv-1505, 2012 WL 3561988, at *3 (S.D. Cal. Aug. 17, 2012) (denying plaintiff leave to amend to add claims and parties because adding the claims would violate Rule 20); <u>Travelers Cas. and Sur. Co. of America v. Dunmore</u>, No. CIV S-07-2493 LKK/DAD, 2010 WL 2546070, at *4-7 (E.D. Cal. June 23, 2010) (analyzing a motion to amend a complaint to add new parties under both Rule 15 and Rule 20).

Rule 20(a) imposes two requirements for permissive joinder: "(1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) some question of law or fact common to all parties must arise in the action." <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d at 1296; 7 Wright, Miller & Kane, Federal Practice and Procedure, § 1653 (3d ed.) (Rule 20(a) "imposes two specific requisites to the joinder of parties.... Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)"). If these threshold requirements are met, the court must then consider other relevant factors to determine whether joinder comports with principles of fundamental fairness.  These factors are similar to those for Rule 15 – possible prejudice to a party and the motive of the party seeking joinder. See <u>Coleman</u>, 232 F.3d at 1296 ("[A] district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side"); see also <u>Desert Empire Bank</u>, 623 F.2d at 1375 ("[W]hen making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, ... the motive [of] the moving party ..., [and] the closeness of the relationship between the new and the old parties").

Here, the proposed amendment violates Rule 20 because joinder of Defendants Cabrera, Gonzalez, Macomber, and CDCR-is based on unrelated claims than those in the instant action. Although both the operative action and the proposed FAC involve Eighth and First Amendment

11

claims, no right to relief is asserted against any of the four new defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as to Defendants Figueroa and Chavez. See Fed. R. Civ. P. 20(a)(2). The operative complaint concerns claims occurring in June 2022 at KVSP and the proposed FAC seeks to include claims occurring in July 2022 at WSP.  As noted by the Court in the Cabrera action, Plaintiff alleges no facts showing that the claims are related. (Cabrera, ECF Nos. 16, 18.) Notably, the sole cognizable claim in the Cabrera action for failure to protect against officer Cabrera is unrelated to this case and properly raised and pending in its own action.  Further, the retaliation and verbal harassment claims reasserted here and originally alleged in the Cabrera action are futile because as stated in that action Plaintiff failed to state a cognizable claim against officers Cabrera and Gonzalez:

> Plaintiff fails to state a claim that any Defendant retaliated against him. Plaintiff fails to allege any facts surrounding the opening of the cell door which connects the cell door opening as retaliation for protected conduct. Plaintiff alleges he filed a grievance, but does not allege if the grievance was against Defendant Cabrera, when it was filed, or how Defendant Cabrera was aware of that grievance. Plaintiff's speculation is insufficient. Plaintiff has failed to allege factual support as to each of the elements of a claim for retaliation as to each responsible Defendant and formulistic recitations of the elements are insufficient. Plaintiff has been unable to cure this deficiency.

(Cabrera, ECF No. 12 at 4.) That Court also found that the claims against officer Gonzalez were insufficient:

> Plaintiff cannot state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"

(Id. at 6.)

Moreover, the majority of the new allegations in the proposed FAC in this case and the allegations in the Cabrera action are identical and ranting leave to amend would be futile.

    e.    Previous Attempt to Amend

While this is the first time Plaintiff has attempted to amend his allegations in this action,

as previously stated, Plaintiff repeatedly tried to amend identical allegations in the Cabrera action. and the court's "discretion to deny leave to amend is particularly broad" in cases such as this one where the plaintiffs have previously amended the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). In the Cabrera action, Plaintiff amended his complaint once and moved for leave to amend his complaint twice. The allegations are identical to the new allegations in the proposed FAC. (Cabrera, ECF Nos. 10, 15, 17.) Thus, the fact that Plaintiff has amended these allegations and twice unsuccessfully attempted to move to amend these allegations in the Cabrera action weighs in favor of denying Plaintiff's motion.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend the complaint (ECF Nos. 33, 36) be denied; and

2. The lodged first amended complaint (ECF No. 38) be stricken from the record.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 22, 2024**

UNITED STATES MAGISTRATE JUDGE