1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    DAMEN D. RABB,                              No.  1:23-cv-00843-JLT-SAB (PC)

12                    Plaintiff,                   **ORDER DENYING PLAINTIFF'S**
                                                   **MOTION FOR APPOINTMENT OF**
13          v.                                     **COUNSEL, WITHOUT PREJUDICE**

14    ESTEVEN FIGUEROA, et al.,                    **(ECF No.**

15                    Defendants.

16

17          Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 4,

20    2024.  Plaintiff claims he is incompetent to adequately and effectively litigate this action and he

21    has no legal training to address the complexities of this action.

22          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

23    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

24    represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for

25    the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

26    circumstances the court may request the voluntary assistance of counsel pursuant to section

27    1915(e)(1).  Rand, 113 F.3d at 1525.

28          Without a reasonable method of securing and compensating counsel, the court will seek

volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  Based on a review of the record in this case, the Court finds that Plaintiff's filings demonstrate that he is able to articulate his claims and litigate this action as well as any other pro se inmate.  Further, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **April 5, 2024**

_____
UNITED STATES MAGISTRATE JUDGE