1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10
11   DAMEN D. RABB,                          No.  1:23-cv-00843-JLT-SAB (PC)

12              Plaintiff,                    FINDINGS AND RECOMMENDATION
                                             RECOMMENDING PLAINTIFF'S MOTION
13        v.                                 FOR TEMPORARY RESTRAINING ORDER
                                             BE DENIED
14   ESTEVEN FIGUEROA, et al.,
                                             (ECF No. 44)
15              Defendants.

16

17        Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.

19        Currently before the Court is Plaintiff's motion for a temporary restraining order, filed

20   April 4, 2024.  (ECF No. 44.)  Plaintiff contends that he is being subjected to harassment and

21   reprisal because he filed the instant action.  More specifically, Plaintiff contends that since filing

22   this action he has been beaten by correctional officers and he has been prevented from being

23   transferred to another prison, despite his eligibility.

24                                        **I.**

25                               **LEGAL STANDARD**

26        Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and

27   requires that a motion for temporary restraining order include "specific facts in an affidavit or a

28   verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will

                                          1

result to the movant before the adverse party can be heard in opposition," as well as written

certification from the movant's attorney stating "any efforts made to give notice and the reasons

why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to

preliminary injunctions, with the exception that preliminary injunctions require notice to the

adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F.Supp.2d

1111, 1126 (E.D. Ca. 2001); see also Fed. R. Civ. P. 65(a). Eastern District of California Local

Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most

extraordinary of circumstances," and the court considers whether the applicant could have sought

relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal.

2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of

preserving the status quo and preventing irreparable harm just so long as is necessary to hold a

hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers

Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if

Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in

the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that

an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20

(2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild

Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely

shows irreparable harm is possible – a showing of likelihood is required. Id. at 1131. The Ninth

Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary

injunction if it demonstrates: (1) a combination of probable success on the merits and the

possibility of irreparable injury or (2) that serious questions are raised and the balance of

hardships tips sharply in its favor. Zepeda v. U.S. Immigr. & Naturalization Serv., 753 F.2d 719,

727 (9th Cir. 1985); see also McKinney. Hill, 925 F.2d at 1470 (9th Cir. 1991)(noting same).

The injunctive relief an applicant requests must relate to the claims brought in the

complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir.

2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. Id. at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." Rizzo v. Goode, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. See Turner v. Safely, 482 U.S. 78, 85 (1987); Sandin v. Conner, 515 U.S. 472, 482-83 (1995).

## II.

## DISCUSSION

Plaintiff's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison

administrative process and then litigated in a separate action. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and Rhodes v. Robinson, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); Jones v. Felker, No. CIV S-08-0096 KJM EFB P, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

The Court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." United States v. N.Y. Tel. Co., 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. Clinton v. Goldsmith, 526 U.S. 529 (1999).

Plaintiff merely contends that he was previously "beaten" by correctional officers, but he does not provide any specific facts beyond speculation or conjecture that would demonstrate he is in danger of suffering imminent or irreparable harm. Plaintiff must do more than cite Defendants' past actions to demonstrate that he is entitled to extraordinary preliminary injunctive relief. See Bradford v. Jordan, No. CV 18-6730-SVW-KK, 2018 WL 11328113 (C.D. Cal. Nov. 19, 2018) (citing Caribbean Marine Serv. Co., Inc., 844 F.2d at 674) ("Moreover, although Plaintiff alleges instances of harm suffered from prison officials, Plaintiff's speculative fear of a conspiracy to murder him by nearly 40 individuals does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").  In sum, Plaintiff fails to establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Glossip v. Gross, 576 U.S. 863, 876 (2015).  Thus, the Court cannot find that Plaintiff is entitled to a temporary restraining order based on the alleged past "beating" and denial of transfer to a

1  different facility.[1]

2                                            **III.**

3                                **RECOMMENDATION**

4         Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a

5  temporary restraining order (ECF No. 44) be DENIED.

6         This Findings and Recommendation will be submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

8  **days** after being served with this Findings and Recommendation, the parties may file written

9  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

10 Findings and Recommendation."  The parties are advised that failure to file objections within the

11 specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

12 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14 IT IS SO ORDERED.

15 Dated:   __**April 8, 2024**__                        _____
                                                        UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26 [1] In addition, prisoners have no expectation they will remain in any particular facility during their confinement and prison officials have broad authority to transfer prisoners from one facility to another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983) (holding prisoners maintain no expectation that they will be confined in any particular prison); see also Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding prisoners have no expectation that they will be confined in any particular facility).

27

28

                                               5