UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-00843-JLT-SAB (PC)<br><br>ORDER OVERRULING PLAINITFF'S OBJECTION TO THE TAKING OF HIS DEPOSITION<br><br>(ECF No. 71) |

　　　　Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion objecting to the taking of his deposition, filed July 31, 2024.

　　　　Federal Rule of Civil Procedure ("Federal Rule") 30 allows a party, "by oral questions, [to] depose any person, including a party[.]" Fed. R. Civ. P. 30(a)(1). When the deponent is confined to prison, the deposing "party must obtain leave of court." Fed. R. Civ. P. 30(a)(2). Federal Rule 30 allows for objections to the deposition—"whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. Fed. R. Civ. P. 30 (c)(2). The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." (Id.) Federal Rule 30(d)(3) provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

1

1    Federal Rule 37 authorizes a district court, in its discretion, to impose a wide range of
2    sanctions when a party fails to comply with the rules of discovery. Fed. R. Civ. P. 37(a)(1). If a
3    party fails to appear for a deposition, the district court may impose such sanctions as it deems
4    appropriate. Fed. R. Civ. P. 37(d)(1)(A)(i).

5    The scheduling order in this case gave leave to depose Plaintiff, ECF No. 28 at 2, and
6    Plaintiff indicates that he was provided notice on July 24, 2204.  Plaintiff's argument that he may
7    refuse to participate because has not been provided a copy the video and audio footage is without
8    merit.  (ECF No. 71.)  Plaintiff's objection does not relieve him of his obligation to attend and
9    participate in the taking of his deposition.

10   The only time a deponent can refuse to answer a question in a deposition is "when
11   necessary to preserve a privilege, to enforce a limitation ordered by the court," (Fed. R. Civ. P.
12   30(c)(2)) or because the deposition is "being conducted in bad faith or in a manner that
13   unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P.
14   30(d)(3)(A). Plaintiff's objections do not demonstrate that Defendants acted in bad faith, or that
15   by requesting to take his deposition, Defendants sought to embarrass or oppress him. Nor does the
16   Court find that to be the case.  Indeed, Plaintiff does not provide specific details on what harm he
17   will experience in proceeding with the deposition without review of the audio and video footage.
18   Under the Federal Rules of Civil Procedure, Plaintiff cannot refuse to appear for his deposition
19   based on his objections. Instead, Plaintiff is required to note his objections on the record, but
20   proceed with the deposition. Fed. R. Civ. P. 30(c)(2). **Plaintiff's failure to attend and**
21   **participate in his video deposition may result in the imposition of sanctions, including**
22   **dismissal of the action.  Fed. R. Civ. P. 37.**

IT IS SO ORDERED.

Dated:   **August 2, 2024**

UNITED STATES MAGISTRATE JUDGE