UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>        Plaintiff,<br><br>    v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>        Defendants. | No. 1:23-cv-00843-JLT-SAB (PC)<br><br>ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT LODGED ON JULY 24, 2024<br><br>(ECF No. 70) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 24, 2024, Plaintiff submitted an amended complaint which was lodged by the Court. (ECF No. 70.)

**I.**

**DISCUSSION**

On October 30, 2023, the Court issued the operative Amended Scheduling Order. (ECF No. 27.) The Court set the deadline for amending the pleadings as January 30, 2024, and the deadline for filing motions for summary judgment for failure to exhaust administrative remedies as February 29, 2024. (Id. at 3.)

On February 5, 2024, Plaintiff lodged a first amended complaint (FAC) with the Court. (ECF No. 28.) On February 8, 2024, the Court returned the proposed FAC to Plaintiff and instructed him that he needed to file a motion for leave to amend the complaint or obtain Defendants' consent to file an amended complaint. (ECF No. 29.)

1

On February 23, 2024, Plaintiff filed the instant motion for leave to amend the complaint. (ECF No. 33.) Plaintiff's motion was not accompanied by a proposed amended complaint, but on March 14, 2024, Plaintiff submitted a proposed amended complaint which is the same proposed complaint constructively filed on January 30, 2024. (ECF No. 36.)  Defendants filed an opposition on March 4, 2024. (ECF No. 35.)

On March 25, 2024, Findings and Recommendations were issued to deny Plaintiff's motion to amend, which were adopted in full on May 3, 2024, and the proposed amended complaint was stricken from the record. (ECF Nos. 39, 56.)

Plaintiff has yet again has submitted a proposed amended complaint, without an accompanying motion for leave to amend, which was lodged on July 24, 2024.  As stated in the Court's February 8, 2024 order:

> A plaintiff may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. L.R. 137(c).  Because Defendants have already answered the complaint, Rule 15(a)(2) of the Federal Rules of Civil Procedure govern whether plaintiff may amend. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." However, a "district court does not err in denying leave to amend where the amendment would be futile." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). Further, leave to amend may be denied where "undue prejudice to the opposing party" would result. Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989).
>
> Here, Plaintiff did not request nor obtain leave of the Court to file a first amended complaint, and the filing of the first amended complaint was improper.  In addition, the Court's discovery and scheduling provides for a deadline to amend the pleadings, but does not afford the automatic right to amend the pleadings.  Thus, although leave to amend should be freely given when justice so requires, it appears Plaintiff made no attempt to obtain Defendants' consent or the Court's permission prior to lodging his first amended complaint.

(ECF No. 29 at 1-2.)

///

///

///

Because Plaintiff did not seek leave of Court to file an amended complaint or obtain consent from Defendants, Plaintiff's amended complaint, lodged on July 24, 2024 (ECF No. 70) is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **August 2, 2024**

UNITED STATES MAGISTRATE JUDGE