**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMEN D. RABB,<br><br>          Plaintiff,<br><br>     v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>          Defendants. | No. 1:23-cv-00843-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDERS<br><br>(Doc. 75) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 1, 2023. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**RELEVANT BACKGROUND**

On October 30, 2023, the Court issued the operative Amended Scheduling Order. (Doc. 27.) The Court set the deadline for amending the pleadings as January 30, 2024, and the deadline for filing motions for summary judgment for failure to exhaust administrative remedies as February 29, 2024. (*Id.* at 3.)

On February 5, 2024, Plaintiff lodged a first amended complaint with the Court. (Doc. 28.) The Court returned the proposed FAC to Plaintiff and instructed him that he needed to file a motion for leave to amend the complaint or obtain Defendants' consent to file an amended

1

1   complaint. (Doc. 29.)

2          On February 23, 2024, Plaintiff filed a motion for leave to amend the complaint. (Doc.

3   33.) Plaintiff's motion was not accompanied by a proposed amended complaint, but on March 14,

4   2024, Plaintiff submitted a proposed amended complaint which is the same proposed complaint

5   constructively filed on January 30, 2024. (Doc. 36.) Defendants filed an opposition on March 4,

6   2024. (Doc. 35.)

7          On March 25, 2024, the Court issued Findings and Recommendations to deny Plaintiff's

8   motion to amend, which were adopted in full on May 3, 2024, and the proposed amended

9   complaint was stricken from the record. (Doc. 39, 56.)

10         On July 24, 2024, Plaintiff yet again has submitted a proposed amended complaint,

11  without an accompanying motion for leave to amend, which was lodged by the Court. (Doc. 70.)

12         On August 5, 2024, the Magistrate Judge issued an order striking Plaintiff's proposed

13  amended complaint, citing to the Court's February 8, 2024 order. (Doc. 73.) On this same date,

14  the Magistrate Judge issued a separate order overruling Plaintiff's objection to the taking of his

15  deposition. (Doc. 72.)

16                                          **II.**

17                                    **LEGAL STANDARD**

18         A district judge will not set aside a magistrate's order on a non-dispositive matter unless it

19  is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local

20  Rule 303(f). A matter is clearly erroneous when "the district court is left with the definite and

21  firm conviction that a mistake has been made." *Computer Econ., Inc.*, 50 F. Supp. 2d at 983

22  (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Parties

23  must file a motion for reconsideration within fourteen days of the magistrate judge's ruling. Fed.

24  R. Civ. P. 72(a); Local Rule 303(b). "A party may not assign as error a defect in the order not

25  timely objected to." Fed. R. Civ. P. 72(a).

26         In his objections, Plaintiff contends that he submitted discovery material which was

27  returned to him. (Doc. 75.) Plaintiff also objects to the order requiring him to participate in his

28  deposition. (*Id.*) Plaintiff's objections have no merit, and he has not demonstrated that either order

                                            2

issued on August 5, 2024, was clearly erroneous or is contrary to law.

To the extent Plaintiff contends that the magistrate judge is biased against him and should be disqualified, his claim is likewise without merit. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source. A judge's rulings while presiding over a case do not constitute extra-judicial conduct. *Focus Media, Inc. v. NBC*, 378 F.3d 916, 930 (9th Cir. 2004). Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification. Accordingly, Plaintiff's motion for reconsideration (Doc. 75) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 29, 2024**

UNITED STATES DISTRICT JUDGE