UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00843-JLT-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL, FILED ON JULY 18, 2024<br><br>(ECF No. 69) |

　　　　Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to compel, filed July 18, 2024.

**I.**

**RELEVANT BACKGROUND**

　　　　This action is proceeding against Defendants Figueroa and Chavez for failure to protect under the Eighth Amendment.

　　　　Plaintiff was represented by counsel at the time he filed the instant complaint. (ECF No. 1.)

///

1

1    Defendants filed an answer to the complaint on August 28, 2023.  (ECF No. 16.)

2    On October 16, 2023, Plaintiff's attorney moved to withdraw as counsel. (ECF No. 22.)
3    Defendants did not oppose the motion. (ECF No. 25.) On October 20, 2023, the Court granted
4    Plaintiff's attorney's motion for leave to withdraw as counsel. (ECF No. 26.)

5    On October 30, 2023, the Court issued an amended scheduling order. (ECF No. 27.)

6    On February 16, 2024, Defendants filed a motion for summary judgment on the grounds
7    that Plaintiff failed to exhaust available administrative remedies. (ECF No. 32.)

8    On April 4, 2024, Findings and Recommendations were issued recommending
9    Defendants' exhaustion motion for summary judgment be granted as to Plaintiff's retaliation
10   claim and denied as to Plaintiff's deliberate indifference claim.  (ECF No. 41.)  The Findings and
11   Recommendations were adopted in full on May 3, 2024, and Plaintiff's retaliation claim was
12   dismissed from the action, without prejudice.  (ECF No. 55.)

13   On June 18, 2024, the Court modified the scheduling order and set the deadline for
14   completion of all discovery as September 16, 2024, and the deadline for filing dispositive motions
15   as November 15, 2024.  (ECF No. 65.)

16   On July 18, 2024, Plaintiff filed the instant motion to compel.  Defendants filed an
17   opposition on August 6, 2024, and Plaintiff did not file a reply.  Thus, Plaintiff's motion for
18   compel is deemed submitted for review without oral argument.  Local Rule 230(l).

## II.

## LEGAL STANDARD

21   Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of
22   confinement.  As a result, the parties were relieved of some of the requirements which would
23   otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to
24   involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.
25   Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 27.  Further, where otherwise discoverable
26   information would pose a threat to the safety and security of the prison or infringe upon a
27   protected privacy interest, a need may arise for the Court to balance interests in determining
28   whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467

1 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of
2 Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of
3 Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of
4 Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of
5 privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB
6 PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to
7 inspect discoverable information may be accommodated in ways which mitigate institutional
8 safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at
9 *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing
10 information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-
11 08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for
12 protective order and for redaction of information asserted to risk jeopardizing safety and security
13 of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P,
14 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld
15 documents for in camera review or move for a protective order).
16 However, this is a civil action to which the Federal Rules of Civil Procedure apply. The
17 discovery process is subject to the overriding limitation of good faith, and callous disregard of
18 discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d
19 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery
20 regarding any nonprivileged matter that is relevant to any party's claim or defense and
21 proportional to the needs of the case, considering the importance of the issues at stake in the
22 action, the amount in controversy, the parties' relative access to relevant information, the parties'
23 resources, the importance of the discovery in resolving the issues, and whether the burden or
24 expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).
25 Generally, if the responding party objects to a discovery request, the party moving to
26 compel bears the burden of demonstrating why the objections are not justified. Grabek v.
27 Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);
28 Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,

at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.

## DISCUSSION

Plaintiff seeks to compel further responses to his first set of requests for production of documents numbers 1 through 5.  (ECF No. 69.)

In opposition, Defendants argue that Plaintiff "fails to provide any substantive discussion as to how Defendants' responses are deficient[,]" and they "appropriately objected and fully responded to [Plaintiff's] requests."  (ECF No. 74.)

Federal Rule of Civil Procedure 34 requires a party to produce all relevant documents in the party's "possession, custody, or control" when responding to a request for production of documents. Fed. R. Civ. P. 34(a)(1). "Rule 34 only requires a party to produce documents that are already in existence," and a district court "cannot compel the production of documents that do not exist." Alexander v. F.B.I., 194 F.R.D. 305, 310 (D.C. Cir. 2000); Medina v. Cnty. of San Diego, Civil No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *19 (S.D. Cal. Sept. 25, 2014); see also Lamon v. Adams, No. 1:09–cv–00205–LJO–SMS PC, 2015 WL 1879606, at *3 (E.D. Cal. Apr. 22, 2015) ("In requiring the production of documents and other tangible things 'in the responding party's possession, custody, or control,' Federal Rule of Civil Procedure 34(a)(1) contemplates only the production of existing items since something that does not exist cannot be possessed,

4

held, or controlled.").

### A.     Plaintiff's Requests for Production of Documents, Set One

On March 17, 2024, Plaintiff served Defendants with one set of requests for production of documents. (Declaration of Jennifer Burns (Burns Decl.) ¶ 2.) On July 8, 2024, Defendants timely served responses to Plaintiff's first set of requests for production of documents. (Id., Ex. A; see also ECF No. 40 (staying discovery on March 27, 2024, until a ruling on Defendants' then-pending motion for summary judgment).)

In response to request for production number 3, Defendants stated they would make the only video footage of the incident available to Plaintiff for inspection. (Burns Decl. ¶ 3.) Defense counsel arranged for Plaintiff to view the video of the incident by contacting the litigation coordinator at Plaintiff's institution. (Id.) The litigation coordinator first scheduled a time for Plaintiff to view the video on July 25, 2024, in the Board of Parole Hearings' (BPH) building, but BPH had a scheduling conflict and could not accommodate the appointment. (Id.) Accordingly, the litigation coordinator scheduled a second time for Rabb to view the video on August 2, 2024, but the institution was unable to get Plaintiff to the appointment. (Id.) The litigation coordinator then re-scheduled a third time for Plaintiff to view the video on August 5, 2024, but Plaintiff refused to attend the appointment without an escort that the institution could not accommodate. (Id.) Counsel is working with the litigation coordinator to set up a fourth appointment for Rabb to view the video footage and will continue to do so until Plaintiff views the video. (Id.)

The Court will address each of Plaintiff's requests for productions, set one, below.

1.     Request for Production No 1:

**Request for Production No. 1:**
Any and all documents that refer to or relate to policies, practices, and procedures in effect in June 2022 for Kern Valley State Prison custodial staff regarding the unethical mistreatment of inmates by staff, or unethical misconduct by staff. This request includes but is not limited to all policies, procedures, or practices generated by the CDC as well as policies, procedures, or practices specific to Kern Valley State Prison.

///

**Response:**
Defendants object to this request on the grounds that it is vague and ambiguous as to the terms "unethical," "mistreatment," and "misconduct," and is overly broad as to scope and unduly burdensome. The request also potentially seeks confidential documents, including documents protected by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution. Defendants further object to this request to the extent it seeks information not relevant to this litigation nor proportional to the needs of the case as it does not relate to Plaintiff's failure to protect claim and seeks records regarding all unethical mistreatment or misconduct. Without waiving any objection, Defendants respond as follows: Title 15, California Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff in the prison law library, contain information responsive to this request and that does not implicate safety and security issues. As a courtesy, Defendants are producing the following documents in their entirety: Title 15 of the California Code of Regulations (2022 rev.), located at DEFS 0001-0397 and the California Department of Corrections and Rehabilitation Adult Institutions, Programs, and Parole Operations Manual (2022 rev.), located at DEFS 0398-01254. Absent a more tailored request, Defendants are unable to further respond to this request.

(Burns Decl., Ex. A at 1-2.)

**Ruling:** Plaintiff's motion to compel a further response shall be denied.  As an initial matter, Plaintiff fails to explain how Defendants' response is deficient.  (ECF No. 69 at 1-2.)  To the extent Plaintiff seeks a more specific set of policies, practices, and procedures, Plaintiff's request is overly broad in that it seeks "any and all" policies, practices, and procedures regarding unethical mistreatment of inmates by staff, or unethical misconduct by staff.  (Burns Decl., Ex. A. at 1.)  Discovery requests are intrusive or burdensome where they are overbroad and "not narrowly tailored temporally, geographically or in their subject matter."  In re Ex Parte Application of Qualcomm Inc., 162 F. Supp. 3d 1029, 1044 (N.D. Cal. 2016).  Generally, a discovery request without any temporal or other reasonable limitation is objectionable on its face as overly broad. See, e.g., Ehrlich v. Union Pacific R.R. Co., 302 F.R.D. 620, 625 (D. Kan. 2014); Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535, 541-542 (D. Kan. 2006).  A document request or interrogatory is also overly broad or unduly burdensome on its face if it: "(1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information." Moses v. Halstead, 236 F.R.D. 667, 672

(D. Kan. 2006). "Despite the overly broad nature of [a discovery request], a party typically has a duty to respond to it to the extent the [discovery request] is not objectionable and can be narrowed to an appropriate scope." Id. "This rule does not apply, however, and the Court will not compel further response, when inadequate guidance exists to determine the proper scope of the [discovery request]." Id. In addition, when a discovery request "is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request." Johnson, 236 F.R.D. at 542 n.20.

Despite being overly broad and unduly burdensome, Defendants produced two documents containing the policies, practices, and procedures of all California Department of Corrections and Rehabilitation institutions—Title 15 of the California Code of Regulations and the Department Operations Manual. (Burns Decl., Ex. A at 2.) Defendants submit that "[n]oncompliance with any of these polices could be construed as unethical or mistreatment of inmates." (ECF No. 74 at 4.)[1] Accordingly, Plaintiff's motion to compel is denied.

2. Request for Production No. 2:

**Request for Production No. 2:**
Any and all equipment/use log of assigned BWC video footage (body cameras) signed by defendants for use on June 3, 2022.

**Response:**
Defendants object to this request on the grounds that it is vague and ambiguous as to the term "equipment/use log," and seeks information not related to the claim or defense of any party as it does not relate to Plaintiff's failure to protect claim. Without waiving any objection, Defendants respond as follows: Defendants have conducted a diligent search and made a reasonable inquiry and have determined that the requested documents do not exist.

(Burns Decl., Ex. A at 2.)

**Ruling:** Plaintiff's motion to compel shall be denied. Notwithstanding the objections, Defendants submit that they conducted a diligent search and made a reasonable inquiry into the request and determined there are no responsive documents. The Court cannot compel a party to produce documents that do not exist. Defendants stated that after a good faith, reasonable, and

---

[1] In addition, as explained below, in response to request for production number 4, Defendants identified policies and procedures concerning the nondisclosure of an inmate's case factors to other inmates-an even more tailored response to Plaintiff's failure to protect claim. (Burns Decl., Ex. A at 3.)

diligent search, there are no documents responsive to this request. While Plaintiff may believe that there are more documents in existence, in the absence of legal or fact-based substantive deficiencies, he is required to accept the response provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that no responsive documents exist. See Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014).  Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c).  Accordingly, Plaintiff's motion to compel is denied.

        3.     <u>Request for Production No. 3:</u>

**Request for Production No. 3:**
Any and all AVSS-audio, video, surveillance system footage collected by CDCR staff in relation to and/or as a result of Plaintiff's allegations.

**Response:**
Defendants object to this request on the grounds that it is vague and ambiguous as to the terms "collected," "relation to," "as a result of," and "allegations," and is overly broad as to time. Defendants further object to this request to the extent it seeks information not related to the claim or defense of any party. Finally, Defendants object to this request on the grounds that it invades the privacy rights of third parties in that the video footage contains other inmates' faces. Without waiving any objection and construing "allegations" as Plaintiff's June 3, 2022, failure to protect allegations in this lawsuit, Defendants respond as follows: Defendants will make a redacted copy of Defendants' Body Worn Camera footage available to Plaintiff to view. The faces of third-party inmates will be blurred to protect their privacy.

(Burns Decl.., Ex. A at 2-3.)

**Ruling:** Plaintiff's motion to compel a further response shall be denied.  Plaintiff again fails to explain how Defendants' response is deficient. Indeed, Defendants submit that they are attempting to make video footage available to Plaintiff for inspection, but they have been unable to do so due to scheduling conflicts or Plaintiff's refusal to attend appointments to view the video. (Burns Decl. ¶ 3.)  Accordingly, because Defendants will make the video footage available to Plaintiff to view, Plaintiff's motion to compel is denied.

     3.     <u>Request for Production No. 4:</u>

**Request for Production No. 4:**
Any and all documents received, read, or reviewed by each defendant that refer or relate to training, policies, or procedures in the non-disclosure of an inmate's case factors to other inmates.

**Response:**
Defendants object to this request on the grounds that it is vague and ambiguous as to "refer to," "relate to," and "case factors," is overly broad as to time and unduly burdensome. Defendants further object to this request on the grounds that it is duplicative of Request No. 1. The request also potentially seeks confidential documents, including documents protected by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution. Without waiving any objections, Defendants respond as follows: Defendants refer Plaintiff to Title 15 of the California Code of Regulations (2022 rev.), sections 3321 located at DEFS 0181-0182, sections 3370 to 3379 located at DEFS 0215-0261; and the California Department of Corrections and Rehabilitation Adult Institutions, Programs, and Parole Operations Manual (2022 rev.), chapter 3 located at DEFS 0512-0662, chapter 4 located at DEFS 0663-0730, chapter 6 located at DEFS 0900-0909, and chapter 7 located at DEFS 0910-1064. Absent a more tailored request, Defendants are unable to further respond to this request.

(Burns Decl., Ex. A at 3.)

**Ruling:** Plaintiff's motion to compel shall be denied. Plaintiff moves to compel a further response on the grounds that "[t]he request is not as complicated as counsel for defendants have made it appear." (ECF No. 69 at 3.) Notwithstanding the objections, Defendants produced polices regarding the non-disclosure of an inmate's case factors to other inmates. (Burns Decl., Ex. A at 3.) Furthermore, this request is overly broad because it does not specify a timeframe for the documents received, read, or reviewed, by each Defendant. Accordingly, Plaintiff's motion to compel is denied.

     4.     <u>Request for Production No. 5:</u>

**Request for Production No. 5:**
Any and all documents relating to allegations of unethical staff misconduct by either defendant while employed by CDCR.

**Response:**
Defendants object to this request on the grounds that it seeks inadmissible character evidence, seeks information not related to the claim or defense of any party as it does not relate to Plaintiff's failure to protect claim, and is overly broad as to time

9

and subject matter. To the extent this request calls for documents contained in Defendants' personnel file, Defendants object to this request on the grounds that it calls for documents protected by the Official Information Privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. The request is also unduly burdensome as there is no way to search all allegations (unless the allegation was made in a 602 appeal and processed as a staff complaint) made by an inmate against a particular staff member other than by searching 602 appeals filed by every single inmate. The request for allegations made by other inmates also seeks documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' right to privacy. Plaintiff's request for appeals/staff complaints made after June 3, 2022, seeks irrelevant information concerning alleged incidents which occurred after the subject incidents involving Plaintiff.
Without waiving these objections, Defendant responds as follows: Defendants produce the non-confidential portion of grievance log no. 265387, submitted by Plaintiff against Defendants, located at DEFS 1255- DEFS 1256. *See* Privilege Log. Based on the above objections, Defendant will not respond further to this request.

(Burns Decl., Ex. A at 4-5.)

**Ruling:** Plaintiff's motion to compel is granted in part. Plaintiff argues that allegations of staff misconduct are relevant because they show whether Defendants had a pattern of misconduct. (ECF No. 69 at 3.)

The Court agrees with Defendants that Plaintiff's request is too broad as this case proceeds only on a failure to protect claim against Defendants Figueroa and Chavez. See, e.g., Brook v. Carey, 352 Fed. Appx. 184, 185-86 (9th Cir. 2009) (affirming district court denial of motion to compel "[a]ny and all grievances, complaints, or other documents received by the defendants...concerning mistreatment of inmates"). Plaintiff's request includes any and all documents relating to allegations of unethical staff misconduct by either defendant while employed by CDCR. Furthermore, the request is not limited in time and inmate 602 appeals or staff complaints that are too removed in time may be of limited relevance. Nonetheless, the Court finds that the ordering of a more tailored discovery is the right approach in this case. See, e.g., Taylor v. O'Hanneson, No. 11-CV-00538-LJO, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014) (permit discovery into past complaints by narrowing the complaints to the same defendants, to similar claims as at issue in the case, and within a relevant time period); see also

Ramirez v. County of Los Angeles, 231 F.R.D. 407, 412 (C.D. Cal. 2005).  Though this evidence may not be used to show Defendants' character, discovery is not limited to admissible evidence and such evidence may be used for other permissible purposes or may lead to other admissible evidence.[2]  Construing Plaintiff's complaint liberally, as the Court must, the Court finds that Plaintiff is entitled to documentation as to whether either Defendant has exhibited similar behavior in the past.  Thus, the Court grants in part Plaintiff's motion to compel as to request for production number 5.  Defendants Figueroa and Chavez shall provide a complete response to this request involving inmate 602 appeals and/or staff complaints made directly against them, limited to similar accusations of failure to protect, and time-limited to a period of five years prior to the incident at issue in June 3, 2022.  If Defendants contend that their response will necessarily require disclosure of confidential information of other inmates, guards, or other prison personnel, they may redact information as needed to protect the privacy of others.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is denied as to requests for productions, numbers 1 through 4; and

///
///
///
///
///
///

---

[2] "Complaints against officers ... may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias." See Taylor v. Los Angeles Police Department, No. EDCV99-0383-RT(RCX), 1999 WL 33101661, at *4 (C.D. Cal. 1999). "Further, complaints and/or disciplinary action 'may help establish a pattern or practice ... where professional conduct is called into question. Further, such documents would bear upon ... [a defendant's] notice of ... previous alleged misconduct.' " Taylor v. O'Hanneson, 2014 WL 2696585, at *5 (quoting Ramirez v. County of Los Angeles, 231 F.R.D. 407, 412 (C.D. Cal. 2005)).  "Moreover, admissibility of character evidence is a proper objection to be raised at trial, but not necessarily in the discovery phase." Id. "However, even at trial, evidence that would be inadmissible to prove one's character, may be admissible for other purposes." Id.

2. Plaintiff's motion to compel is granted in part as to request for production, number 5. Within **fourteen (14)** days from the date of service of this order, Defendants shall provide a complete response to this request involving inmate 602 appeals and/or staff complaints made directly against them, limited to similar accusations of failure to protect, and time-limited to a period of five years prior to the incident at issue in June 3, 2022, subject to any redactions as set forth above.

IT IS SO ORDERED.

Dated:  **September 9, 2024**

UNITED STATES MAGISTRATE JUDGE