UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00843-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL. IMPOSING COSTS TO PLAINTIFF, AND MODIFYING SCHEDULING ORDER<br><br>(ECF No. 77) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel and modify the discovery and scheduling order, filed September 6, 2024. (ECF No. 77.)

**I.**

**BACKGROUND**

This action is proceeding against Defendants Figueroa and Chavez for failure to protect under the Eighth Amendment.

Plaintiff was represented by counsel at the time he filed the instant complaint. (ECF No. 1.)

Defendants filed an answer to the complaint on August 28, 2023. (ECF No. 16.)

On October 16, 2023, Plaintiff's attorney moved to withdraw as counsel. (ECF No. 22.)

1

1    Defendants did not oppose the motion. (ECF No. 25.) On October 20, 2023, the Court granted

2    Plaintiff's attorney's motion for leave to withdraw as counsel. (ECF No. 26.)

3           On October 30, 2023, the Court issued an amended scheduling order. (ECF No. 27.)

4           On February 16, 2024, Defendants filed a motion for summary judgment on the grounds

5    that Plaintiff failed to exhaust available administrative remedies. (ECF No. 32.)

6           On April 4, 2024, Findings and Recommendations were issued recommending

7    Defendants' exhaustion motion for summary judgment be granted as to Plaintiff's retaliation

8    claim and denied as to Plaintiff's deliberate indifference claim. (ECF No. 41.)  The Findings and

9    Recommendations were adopted in full on May 3, 2024, and Plaintiff's retaliation claim was

10   dismissed from the action, without prejudice.  (ECF No. 55.)

11          On June 18, 2024, the Court modified the scheduling order and set the deadline for

12   completion of all discovery as September 16, 2024, and the deadline for filing dispositive motions

13   as November 15, 2024.  (ECF No. 65.)

14          On July 18, 2024, Plaintiff a motion to compel.  (ECF No. 69.)  Defendants filed an

15   opposition on August 6, 2024, and Plaintiff did not file a reply.  (ECF No. 74.)  On September 9,

16   2024, the Court granted in part and denied in part Plaintiff's motion to compel.  (ECF No. 78.)

17          On September 6, 2024, Defendants filed the instant motion to compel Plaintiff's

18   deposition and request to modify the scheduling order.  (ECF No. 77.)  Plaintiff filed an

19   opposition on September 23, 2024, and Defendants filed a reply on September 25, 2024.  (ECF

20   Nos. 79, 80.)  The motion is deemed submitted. Local Rule 230(l).

## II.

## LEGAL STANDARD

Defendants are entitled to conduct discovery, which includes the deposition of Plaintiff, to obtain all information pertaining to the factual allegations, and legal claims and defenses at issue in this action. Fed. R. Civ. P. 26(b)(1) & 30. Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court and gives other parties "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address.  "An objection at the time of the examination – whether

2

to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2).  Objections must be stated *concisely* in a non-argumentative and non-suggestive manner. Id.  The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit deposition]."

What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination. Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir.1979).  "The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.' " Id. (quoting Kastigar v. United States, 406 U.S. 441, 444 (1972)). The Fifth Amendment privilege against self-incrimination applies to evidence that may directly support a criminal conviction, information that would furnish a link in the chain of evidence that could lead to prosecution, and evidence that a witness reasonably believes could be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461 (1972).

A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37.  Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.  Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1).  In particular, this type of motion may be made if a deponent fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) & 37(a)(4).  If the motion is granted and the deponent thereafter fails to comply with the court's order to answer a deposition question, the failure may be treated as contempt of court and the court may issue a variety of sanctions, including dismissal of the action. See Fed. R. Civ. P. 37(b).

///

# III.

# DISCUSSION

### A.  Defendants' Motion to Compel and Extend Deadlines

Defendants request that Plaintiff be compelled to appear and provide deposition testimony. In addition, Defendants request that Plaintiff be ordered to reimburse Defendants for the expense incurred in attempting to take his deposition and in filing this motion to compel.

Discovery opened in this action on October 17, 2023, and the deadline for completion of all discovery, including motions to compel is September 16, 2024. (ECF Nos. 24, 65.) The deadline to file dispositive motions is November 15, 2024.  ECF No. 65.)

On July 18, 2024, Defendants timely served Plaintiff with a deposition notice. (Burns Decl. ¶¶ 1-2, Ex. A.) The deposition notice stated that Plaintiff's failure to cooperate in the deposition may result in court-ordered sanctions, including dismissal of Plaintiff's case.  (Id.) The deposition was scheduled to take place on August 16, 2024, at 9:00 a.m. at Kern Valley State Prison in Delano, California.  (Id.)

On July 31, 2024, Plaintiff objected to the taking of his deposition. (ECF No. 71.) On August 5, 2024, the Court overruled Plaintiff's objections. (ECF No. 72.) The Court noted that "[t]he only time a deponent can refuse to answer a question in a deposition is "when necessary to preserve a privilege, to enforce a limitation ordered by the court," (Fed. R. Civ. P. 30(c)(2)) or because the deposition is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." (Id. at 2.)  The Court also admonished Plaintiff that "**failure to attend and participate in his video deposition may result in the imposition of sanctions, including dismissal of the action**."  (Id. at 2 (emphasis in original).)

Defense counsel submits that she spent two hours preparing to take Plaintiff's deposition and drafting an outline of deposition questions. (Burns Decl. ¶ 7(a).)

On August 16, 2024, defense counsel and Plaintiff appeared by video for Plaintiff's deposition as scheduled. (Id. ¶ 3, Ex. B (Pl. Dep.).)  The parties went on the record and Defendants' counsel admonished Plaintiff, and he indicated that he intended to invoke his Fifth Amendment privilege during the deposition. (Id. at 6:16-9:16; 7:2-14.)

4

Following the admonitions, Plaintiff invoked his Fifth Amendment privilege against self-incrimination in response to every question, including basic background information. (Id. at 11:5-17:6; 11:5-7, 13:25-14:15.)

When being questioned, Plaintiff explained:

> I want to be respectful to these proceedings, but for the overall proceedings, I want to invoke my Fifth Amendment privilege, and the question – my question basis, I mean, it's going to waste a lot of time. I mean, I'm not trying to shut down your end of it, but its – that's what it's going to be continuously, and I'm just identifying at this point that I'm feeling a little annoyed and kind of – I'm feeling uncomfortable with the line of questioning and the – having to continue to invoke my Fifth Amendment privilege, and it seems like this is going to continue for however long you decide you want to continue to ask questions. That doesn't feel comfortable to me.
>
> So I don't know where we go from there. I wouldn't want to just up and just walk out of the proceedings, but, I mean, if it is something you can maybe let somebody know that Mr. Plaintiff doesn't want to participate in these proceedings at this point, I could highly appreciate that. It's not my intent to be disrespectful or anything towards you, but I let the court know that I would much rather not participate in these proceedings and – but I decided to still come, respectfully, but I'm beginning to feel kind of uncomfortable and kind of annoyed a little bit, and a little embarrassed.

(Id. at 14:16-15:15.)

Defense counsel advised Plaintiff that she was "entitled to ask [him] questions relevant to this lawsuit," and asked Plaintiff to confirm whether he would invoke his Fifth Amendment privilege in response to "every question" asked during the deposition. (Id. at 15:16-21.) Plaintiff confirmed that he would do so. (Id. at 15:22.) Because Plaintiff informed counsel that he would refuse to answer any question asked by asserting his Fifth Amendment privilege, counsel suspended the deposition. (Id. at 15:23-17.) Immediately after going off the record, the parties met and conferred about Plaintiff's refusal to participate in his deposition. (Burns Decl. ¶ 6.) Counsel explained that she is entitled to ask Plaintiff questions relevant to the litigation and wanted to re-schedule the deposition. (Id.) Plaintiff responded that he would continue to assert his Fifth Amendment privilege at any subsequent deposition because a deposition is not in his best interests. (Id.) Counsel informed Plaintiff that Defendants would move to compel his participation

1  in a deposition and would seek sanctions for the cost related to the first deposition and motion to
2  compel. (Id.) Plaintiff stated that he understood Defendants' position. (Id.)

3　　　Defendants are unquestionably entitled to take Plaintiff's deposition.  Plaintiff claims that
4  Defendants used excessive force against him, and Plaintiff's testimony about the events would
5  obviously be relevant to resolution of those claims.

6　　　In his opposition, Plaintiff contends that he "objected to  having been ordered to
7  participate in a[] deposition that would gather no new facts, as they relate to this matter, but is
8  whether [sic] intended to manipulate facts that has been placed on the record to date." (ECF No.
9  79 at 1.)  Plaintiff submits that he participated in the deposition by being present and invoking his
10  privilege against self-incrimination.  (Id.)  The Court does not agree and Plaintiff's argument is
11  not well-taken.

12　　　The scheduling order in this case gave leave to depose Plaintiff, ECF No. 28 at 2, and
13  Defendants provided adequate notice, Burns Decl. ¶¶ 1-2, Ex. A.  Plaintiff unequivocally refused
14  to answer any questions invoking a blanket Fifth Amendment right against self-incrimination
15  without explanation and refused to provide any testimony.  Plaintiff's reliance on the Fifth
16  Amendment right against self-incrimination, which applies to testimony that might be used
17  against him in a criminal action is misplaced.  The instant case is a civil action, and Plaintiff does
18  not have a right to avoid a deposition simply because it might damage his civil case.  Plaintiff
19  does not argue that he is concerned that his deposition testimony might lead to any criminal
20  charges being brought against him, and it does not allow him to avoid his responsibility to attend
21  and meaningfully participate in a deposition in this case.  The Federal Rules of Civil Procedure "
22  'contemplate ... "full and equal discovery" ... so as to prevent surprise, prejudice and perjury'
23  during trial."  See Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008).
24  (citation omitted). By invoking the Fifth Amendment regarding all questions relating to the
25  subject matter of this action, Defendants are unfairly prejudiced by being unable to inquire into
26  the truthfulness of Plaintiff's assertions.

27　　　As the Plaintiff in this case, he voluntarily invoked the procedures of this Court. Madrid v.
28  De La Cruz, No. 1:18-cv-00947-DAD-EPG, 2019 WL 2994301, at *3 (E.D. Cal. July 9, 2019)

(quoting Tene v. City and Cnty of San Francisco, No. C 00-03868 WHA, 2004 1465726 (N.D. Cal. May 12, 2004)). Indeed, by filing suit, Plaintiff "assumed the responsibility of proving through admissible evidence the serious allegations of his complaint." Tene, 2004 WL 1465726, at *8. Defendants have a fundamental right to discovery and to effectively defend themselves. Fed. R. Civ. P. 26, 30. Plaintiff's blanket refusal to provide any testimony at his deposition prejudices Defendants' ability to defend against this case and should not be tolerated. See, e.g., Green v. CDCR, No. 2:14-cv-2854 TLN AC, 2018 WL 4963122, at *2 (E.D. Cal. Oct. 15, 2018) ("It would be fundamentally unfair and prejudicial to defendants to permit plaintiff to continue to pursue this action without requiring his attendance and cooperation at his deposition.")

Plaintiff's contention that the questions posed during the deposition were antagonizing and irritating, is without merit. A review of the deposition transcript reveals that defense counsel questioned Plaintiff about documents supporting his claims, his prior litigation history, and background questions about Plaintiff's education level and incarceration history. (See generally Pl.'s Dep.) These questions did not sensitive information and were clearly not intended to embarrass or harass Plaintiff.

To the extent Plaintiff contends that Defendants seek to discover irrelevant information, Plaintiff is advised that such contention is without merit. Defendants are permitted to discover information and bear the risk of asking questions at a deposition that could ultimately be useless at trial. See Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial."); ACF W. USA, Inc. v. Travelers Cas. Ins. Co. of Am., No. CV 12-0182-BAM, 2012 WL 5838865, at *3–4 (E.D. Cal. Nov. 16, 2012) (noting counsel "bore the risk" by asking questions at a deposition that may have led to inadmissible information, but that those questions were not inappropriate); Robinson v. Chefs' Warehouse, No. 3:15-CV-05421-RSK-AW, 2017 WL 1064981, at *4 (N.D. Cal. Mar. 21, 2017), on reconsideration, No. 3:15-CV-05421-RSK-AW, 2017 WL 2617905 (N.D. Cal. June 16, 2017) ("First, [counsel for deponent] is not permitted to decide which questions opposing counsel is allowed to ask.").

With respect to Plaintiff's contention that counsel is pursuing or will conduct the deposition in bad faith, this is not sufficient to justify Plaintiff unilaterally refusing to participate in his deposition. To the extent that Defendants may attempt to misuse or misconstrue any information obtained at Plaintiff's deposition, Plaintiff may contest it at the time Defendants attempt to admit it as evidence.  Indeed, as stated above, the Court overruled Plaintiff's objections to the taking of his deposition and admonished Plaintiff that the failure to participate in his deposition may result in sanctions, including dismissal.

Because Defendants' ability to adequately defend Plaintiff's claim will be prejudiced without Plaintiff's deposition testimony, he will be compelled to sit for a rescheduled and renoticed deposition.  Consequently, the Court finds good cause to extend the discovery deadline for Defendants to take Plaintiff's deposition, file any further motions to compel, and file a dispositive motion by 60 days.

**B.     Reasonable Expenses**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, if the motion to compel is granted, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). An award of sanctions is mandatory under Rule 37(a)(5) unless the party shows that the failure to respond was substantially justified or that an award of expenses would be unjust. Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 311 (C.D. Cal. 2020). It is the burden of the party being sanctioned to establish this substantial justification or the existence of special circumstances. Id.  Plaintiff's pro se status does not insulate him from an order requiring the payment of such expenses.  See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court cannot decline to impose sanctions simply because a plaintiff is proceeding pro se); Shabazz v. Giurbino, No. 1:14-cv-01558-DAD-SAB (PC), 2016 WL 4992684, at *2 (E.D. Cal. Sept. 19, 2016) (Because plaintiff's opposition to the motion to compel was not justified, reasonable expenses of attorney's fees should be assessed

against plaintiff.); Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (pro se status "does not excuse intentional noncompliance with discovery rules.").

Defendants properly noticed Plaintiff's deposition and he refused to participate. Plaintiff's refusal to participate was both willful and unjustified. Plaintiff's sole justification for his refusal to participate was not substantially justified and no other circumstances make the award of expenses unjust. Defendants' counsel spent eight hours preparing for and attending Plaintiff's deposition and preparing the instant motion to compel. (Burns Decl. ¶7(a)-(c).) Attorneys in the Office of the Attorney General bill an hourly rate of $228.00. (Id. ¶ 8.) Therefore, Defendants incurred $1,824.00 in attorney's fees. In addition, the cost for services for the Court Reporter to attend the deposition and to provide me with a copy of the transcript was $883.75, totaling $2707.75. (Id. ¶¶ 9-10, Ex. C.) In determining if the amount requested is reasonable courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); Infanzon, 335 F.R.D. at 314.

Although Plaintiff filed an opposition to the instant motion, he failed to demonstrate that an award of expenses would be unjust, and the Court finds no other circumstances make the award of expenses unjust. The Court finds that the rate of $228.00 per hour for the services of defense counsel is reasonable. Defendants are only seeking to be reimbursed for the time spent in preparing and attending Plaintiff's deposition and drafting the instant motion to compel which was necessary due to Plaintiff's refusal to participate in his deposition. The Court also finds that eight hours is a reasonable amount of time for preparing and attending the deposition and drafting the motion to compel. The Court shall award attorney fees in the amount of $2707.75 to Defendants for the costs incurred due to Plaintiff's failure to participate in his deposition.

///
///
///
///

# IV.

# ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff to participate in the taking of a rescheduled and renoticed deposition is granted;
2. Defendants' request for reasonable expenses (ECF No. 65) is granted;
3. Plaintiff shall promptly pay Defendants' counsel $2707.75 for the reasonable expenses incurred in preparing and attending Plaintiff's deposition and drafting the instant motion to compel;
4. The discovery deadline is reset to **November 29, 2024** and the dispositive motion deadline is reset to **January 29, 2025**.  In all other respects the October 30, 2023 discovery and scheduling order remains in effect (ECF No. 27).
5. Plaintiff's failure to participate in the rescheduled and renoticed deposition may result in a recommendation to dismiss the action as a discovery sanction.

IT IS SO ORDERED.

Dated:   **September 27, 2024**

UNITED STATES MAGISTRATE JUDGE