UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-00843-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS BE GRANTED<br><br>(ECF No. 86) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for terminating sanctions, filed November 15, 2024.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Figueroa and Chavez for failure to protect under the Eighth Amendment.

Plaintiff was represented by counsel at the time he filed the instant complaint.  (ECF No. 1.)

Defendants filed an answer to the complaint on August 28, 2023.  (ECF No. 16.)

On October 16, 2023, Plaintiff's attorney moved to withdraw as counsel. (ECF No. 22.)

1

1    Defendants did not oppose the motion. (ECF No. 25.) On October 20, 2023, the Court granted

2    Plaintiff's attorney's motion for leave to withdraw as counsel. (ECF No. 26.)

3         On October 30, 2023, the Court issued the operative Amended Scheduling Order. (ECF

4    No. 27.) The Court set the deadline for amending the pleadings as January 30, 2024, and the

5    deadline for filing motions for summary judgment for failure to exhaust administrative remedies

6    as February 29, 2024. (Id. at 3.)

7         On February 5, 2024, Plaintiff lodged a first amended complaint (FAC) with the Court.

8    (ECF No. 28.)  On February 8, 2024, the Court returned the proposed FAC to Plaintiff and

9    instructed him that he needed to file a motion for leave to amend the complaint or obtain

10   Defendants' consent to file an amended complaint. (ECF No. 29.)

11        On February 16, 2024, Plaintiff moved for summary judgment on the grounds that he

12   exhausted available administrative remedies. (ECF No. 30.) On February 20, 2024, the Court

13   issued findings and recommendations recommending that Plaintiff's motion for summary

14   judgment be denied. (ECF No. 31.)

15        Later that day, Defendants filed a motion for summary judgment on the grounds that

16   Plaintiff failed to exhaust available administrative remedies. (ECF No. 32.)

17        On February 23, 2024, Plaintiff filed the instant motion for leave to amend the complaint.

18   (ECF No. 33.) Plaintiff's motion was not accompanied by a proposed amended complaint, but on

19   March 14, 2024, Plaintiff submitted a proposed amended complaint which is the same proposed

20   complaint constructively filed on January 30, 2024.  (ECF No. 36.)  Defendants filed an

21   opposition on March 4, 2024.  (ECF No. 35.)  On March 25, 2024, Findings and

22   Recommendations were issued to deny Plaintiff's motion for leave to amend the complaint.  (ECF

23   No. 39.)  The Findings and Recommendations were adopted in full on May 3, 2024.  (ECF No.

24   56.)

25        On April 4, 2024, Findings and Recommendations were issued recommending

26   Defendants' exhaustion motion be granted as to Plaintiff's retaliation claim and denied as to his

27   deliberate indifference claim.  (ECF No. 41.)  The Findings and Recommendations were adopted

28   in full on May 3, 2024.  (ECF No. 55.)

On June 18, 2024, the Court modified the scheduling order and set the deadline for completion of all discovery as September 16, 2024, and the deadline for filing dispositive motions as November 15, 2024. (ECF No. 65.)

On July 18, 2024, Plaintiff a motion to compel. (ECF No. 69.) Defendants filed an opposition on August 6, 2024, and Plaintiff did not file a reply. (ECF No. 74.) On September 9, 2024, the Court granted in part and denied in part Plaintiff's motion to compel. (ECF No. 78.)

On September 6, 2024, Defendants filed a motion to compel Plaintiff's deposition and request to modify the scheduling order. (ECF No. 77.)  Plaintiff filed an opposition on September 23, 2024, and Defendants filed a reply on September 25, 2024. (ECF Nos. 79, 80.)

On September 27, 2024, the Court granted Defendants' motion to compel, imposed costs on Plaintiff, and modified the scheduling order.  (ECF No. 81.)  The Court specifically

On November 15, 2024, Defendants filed the instant motion for terminating sanctions based on Plaintiff's failure to participate at his deposition.  (ECF No. 86.)  Plaintiff filed an opposition on December 5, 2024, and Defendants filed a reply on December 10, 2024.  (ECF Nos. 87, 88.)

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16 allows the court, on motion or its own, to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1), (f)(1)(C).  Federal Rule of Civil Procedure provides that if a party "fails to obey an order to provide or permit discovery, including an order under [Rule 37(a)], the court ... may issue further just orders[,]" including the sanction of dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 37(d)(1)(A) (permitting court to order sanctions if a party fails to attend its own deposition).  Under Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  The standards governing dismissal under Rules 41(b), 16(f), and 37(b)(2) are essentially the same. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (holding that standards for Rules

16(f) and Rule 37(b)(2) are "basically the same"); Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (stating that same criteria apply to dismissals under Rules 41(b) and 16(f)). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Malone, 833 F.2d at 130. It is preferred but not required that a district court make explicit findings to show that it has considered these factors. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  These factors "are not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990); see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

### III.
### DISCUSSION

As background, Defendants timely served Plaintiff with a deposition notice on July 18, 2024. (ECF No. 77-2 at 5-6.) The deposition notice clearly stated that Plaintiff's failure to cooperate in the deposition may result in court-ordered sanctions, including dismissal of Rabb's case. (Id.) The deposition was scheduled to take place on August 16, 2024, at 9:00 a.m. at Kern Valley State Prison in Delano, California. (Id.)

On July 31, 2024, Plaintiff filed objections to the taking of his deposition. (ECF No. 71.) On August 5, 2024, the Court overruled Plaintiff's objections. (ECF No. 72.) The Court admonished Plaintiff that "**failure to attend and participate in his video deposition may result in the imposition of sanctions, including dismissal of the action.**" (Id. at 2 (emphasis in

4

original).)

On August 16, 2024, Plaintiff appeared by video for his deposition as scheduled but following routine deposition admonitions, Plaintiff invoked his Fifth Amendment privilege against self-incrimination in response to every question. (ECF No. 77-2 at 2, 9-28.) Plaintiff further informed counsel that he would refuse to answer any question asked by asserting his Fifth Amendment privilege. (Id.) Accordingly, counsel suspended the deposition. (Id.)

Thereafter, on September 6, 2024, Defendants moved to compel Plaintiff's deposition. (ECF No. 77.) On September 27, 2024, the Court granted Defendants' motion and again admonished Plaintiff that "failure to participate in the rescheduled and renoticed deposition may result in a recommendation to dismiss the action as a discovery sanction." (ECF No. 81 at 10.) The Court also imposed monetary sanctions against Plaintiff in the amount of $2,707.75 for his failure to participate at his deposition. (Id. at 8-10.)

On September 27, 2024, in response to Defendants' motion to compel Plaintiff's attendance at a deposition, the Court ordered Plaintiff to participate in Defendants' noticed deposition. (ECF Nos. 77, 81.)  On October 21, 2024, Defendants noticed Plaintiff's deposition for a second time, to occur on November 8, 2024, however, Plaintiff refused to appear. (Id.) Defendants now move the Court pursuant to Federal Rule of Civil Procedure 37 to dismiss Plaintiff's action, arguing Plaintiff has refused to participate in discovery and has failed to comply with the Court's order compelling such discovery. (ECF No. 86.)

The Court now moves to weighing of the following five factors relevant to whether this action should be dismissed: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423.

**A.     The First and Second Factors Weigh in Favor of Dismissal**

Defendants argue that the first and second factors weigh in favor of dismissal for the following reasons because Plaintiff violated a court order.

The Court agrees with Defendants.  Plaintiff has failed to abide by the Court's discovery

5

orders and failed to participate in two properly noticed depositions.  Plaintiff's refusal to participation in deposition delayed the litigation, as the Court modified the discovery and scheduling order to extend the deadline to take Plaintiff's deposition.  (ECF No. 81.)  It is Plaintiff's responsibility to ensure that this case proceeds in an efficient and timely manner.  Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  However, Plaintiff failed to appear for his November 8, 2024 deposition, yet again impending the process of this case.

In opposition, Plaintiff now argues that on November 8, 2024, he was not contacted by Kern Valley State Prison for the scheduled deposition.  (ECF No. 87 at 1-2.)

In response, Defendants submit that they originally reached out to KVSP staff shortly after 9:00 a.m. to determine whether Plaintiff was on his way to the deposition.  (Burns Decl. ¶ 2, Ex. A.)[1]  At 9:21 a.m., staff informed defense counsel that Rabb was being escorted to the deposition, but "appear[ed] to be taking his time getting over there." (Id.) Twenty minutes later, defense counsel reached out to staff for another status update. (Id.)  At 9:52 a.m., KVSP staff informed counsel that "Rabb ultimately refused to participate in the deposition." (Id.)

Defendants argue that Plaintiff's contention is not supported by any credible evidence and "it is implausible that KVSP staff would lie to defense counsel about [Plaintiff's] refusal to attend the deposition." (ECF No. 88 at 2.)  Defendants submit that "KVSP was forthcoming about [Plaintiff's] prior re-noticed deposition of October 21, 2024." (Id. at 2.)  Indeed, on October 21, 2024, KVSP staff notified defense counsel that Plaintiff's deposition could not go forward due to technical issues-not due to any fault of Plaintiff.  (ECF Nos. 86-1, 86-2.)  Based on the prior communications between Defendants and prison officials, it is reasonable to assume that had there been a calendaring error, technical issue, or some other reason why the deposition could not proceed as scheduled on November 8, 2024, KVSP staff would have informed Defendants and the deposition would have been rescheduled.[2]  (ECF No. 88.)  Accordingly, the Court finds

---

[1] Defendants submit additional evidence—in the form of a declaration of counsel referencing an email communication—to rebut Plaintiff's contention that KVSP staff lied to defense counsel. Evidence submitted "in direct response to proof adduced in opposition to a motion" is not "new" evidence and may be considered without giving the other party the opportunity to respond. See Edwards v. Toys "R" Us, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (citing Rayon-Terrell v. Contra Costa County, 232 F. App'x 626, 629 n.2 (9th Cir. Apr. 16, 2007)).

[2] To the extent Plaintiff continues to argue that he participated in the taking of his deposition on August 16, 2024,

factors (1) and (2)—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. See Bradford v. Marchak, No. 114CV1689LJOBAMPC, 2018 WL 3046974, at *5 (E.D. Cal. June 19, 2018) (recommending granting motion for terminating sanctions and dismissal, noting "Plaintiff's pro se status does not excuse intentional noncompliance with discovery rules and court orders"), report and recommendation adopted, No. 114CV1689LJOBAMPC, 2018 WL 10923433 (E.D. Cal. July 9, 2018). ); Sanchez v. Rodriguez, 298 F.R.D. 460, 464 (C.D. Cal. Mar. 18, 2014) (granting motion for terminating sanctions where plaintiff failed to respond to interrogatories, failed to respond to defense counsel's letter extending plaintiff's time to respond to the interrogatories, requiring defendants to file a motion to compel, then after the court granted a motion to compel and warned plaintiff that further noncompliance could result in the imposition of sanctions, including dismissal, plaintiff responded only by requesting more time, offering no excuse for his previous noncompliance except the fact that he was incarcerated and lacked funds); Malone, 833 F.2d at 131 (where plaintiff failed to comply with pretrial order to present line of questioning for witnesses, finding it "clear that these two factors support the district court's decision to dismiss [as the] dilatory conduct greatly impeded resolution of the case and prevented the district court from adhering to its trial schedule.").

### B. The Third Factor Weighs in Favor of Dismissal

The Court is to next weigh the risk of prejudice to the Defendants. Henderson, 779 F.2d at 1423. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.2d at 131 (finding failure to comply with pretrial order more than 30 days before trial date was "no doubt...[a] last-minute notification of her decision not to comply with the pretrial order [and] had a prejudicial effect on the Government."). The Ninth Circuit has stated "where a court order is violated, factors 1 and 2 support sanctions

---

such argument is not well-taken. As stated in the Court's September 27, 2024 order, Plaintiff "unequivocally refused to answer any questions invoking a blanket Fifth Amendment right against self-incrimination without explanation and refused to provide any testimony." (ECF No. 81 at 6.) Thus, it is clear that Plaintiff did not meaningfully participate in taking of his deposition on August 16, 2024, and any argument to the contrary is false.

and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." Valley Engineers Inc., 158 F.3d at 1057.

Defendants argue they have been prejudiced given Plaintiff 's refusal to attend and cooperate with his deposition and answer questions regarding his claims.  The Court agrees.

Defendants have been prejudiced because they had to expend significant time and resources extending the discovery deadline, compelling Plaintiff's attendance at deposition, and seeking relief when Plaintiff refused to be deposed.  (ECF No. 77.)  More specifically, Plaintiff's willful behavior has deprived Defendants of the ability to learn additional facts regarding Plaintiff's claims, investigate Plaintiff's claimed injuries, and discover the facts which may support potential defenses.  (ECF No. 85, Burns Decl. ¶ 5); see also Kirkelie v. Thissell, No. 115CV00735DADSABPC, 2018 WL 1272227, at *2 (E.D. Cal. Mar. 9, 2018) ("Defendants have suffered prejudice due to Plaintiff's failure to respond to discovery requests [as] [t]he failure to obtain discovery information significantly impairs the Defendants' ability to go to trial and to determine whether Plaintiff has adequately exhausted administrative remedies and to make rightful and informed decisions as to whether this affirmative defense should be explored [and the] failure to respond to discovery has created an unreasonable delay, which in turns creates a presumption of prejudice [while] the additional efforts to obtain discovery responses required Defendants to incur expenses that would not otherwise have been incurred had Plaintiff responsibility cooperated."); Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding the repeated failure to appear at scheduled depositions compounded by refusal to comply with court-ordered production of documents constituted interference with the rightful decision of the case, and therefore prejudice was established).

### C. The Fourth Factor Weights in Favor of Dismissal

The Court is to next weigh the public policy favoring disposition of cases on their merits. Henderson, 779 F.2d at 1423.  As Defendants acknowledge, the public policy favoring merit-based dismissals essentially always weighs against terminating sanctions. See, e.g., Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").  However, this factor is not dispositive. See,

e.g., In re Eisen, 31 F.3d 1447, 1454 (9th Cir. 1994) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics...[plaintiff] certainly has not fulfilled his responsibility [and] [t]hus, the public policy favoring the resolution of disputes on their merits does not outweigh [the] four-year delay or the prejudice suffered.") (internal quotation marks and citations omitted).

While this factor weighs against dismissal, as explained herein, on balance, the totality of the circumstances and the other factors weigh in favor of dismissal of the action. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) ("We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal...[but] [a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits [and] [t]hus, we have also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (internal citations omitted).

### D. The Fifth Factor Weighs in Favor of Dismissal

The Court is to next weigh the availability of less drastic sanctions. Henderson, 779 F.2d at 1423. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Id. at 1424; but see Malone, 833 F.2d at 132 ("We have indicated a preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal...However, we have never held that explicit discussion of alternatives is necessary for an order of dismissal to be upheld [and] [u]nder the egregious circumstances present here, where the plaintiff has purposefully and defiantly violated a court order, it is unnecessary (although still helpful) for a district court to discuss why alternatives to dismissal are infeasible."). "Moreover, explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." Malone, 833 F.2d at 132. "Finally, the case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of

alternatives' requirement." Id. (collecting cases).

Defendants argue that in addition to the notice provided expressly in Federal Rule of Civil Procedure 37, this Court has "tried the lesser sanction of issuing [Plaintiff] a warning that the litigation could be dismissed if he did not appear for and participate in his deposition." (ECF No. 86 at 8.)  Indeed, Plaintiff was warned twice by the Court about the possibility of dismissal of his case and each deposition notice reminded him that the failure to attend and cooperate could result in dismissal of the action. (ECF No. 77; Burns Decl., Ex. A.)  Thus, the Court finds that through the Court's previous order declining to impose sanctions and ordering Plaintiff to appear for a deposition, and explicit warning to Plaintiff that the failure to comply could result in dismissal of this action, this Court has considered alternatives.  Additionally, the Court finds other alternatives to not be a feasible remedy at this point.  As evidenced by the record in this case, Plaintiff's inaction and failure to abide by his discovery obligations demonstrate he has abandoned this litigation and it is reasonable to dismiss the action, in lieu of lesser sanctions.  Accordingly, this factor weighs in favor of dismissal.

### E. The Factors Collectively Weigh in Favor of Dismissal

In sum, the five factors favor dismissal in this case. Plaintiff has failed to appear for two depositions and has ignored the Court's September 27, 2024 order to submit for a deposition despite the warning of potential dismissal for failure to comply, and lesser sanctions are not available. Accordingly, dismissal, with prejudice, is justified. See Pagtalunan, 291 F.3d at 643 (affirming district court's dismissal where three factors weighed in favor of dismissal, and two factors weighed against dismissal); Scott v. Belmares, No. CV99-12458GAF(AJW), 2008 WL 2596764, at *7 (C.D. Cal. Apr. 30, 2008) ("The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal...[f]our of the five factors strongly support dismissal in this case...the record supports the conclusion that plaintiff's noncompliance with court rules and orders was willful and unjustified [and thus] [t]he terminating sanction of dismissal with prejudice is warranted under Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure and this court's Local Rules."), report and recommendation adopted, No. CV99-12458GAF(AJW), 2008 WL 2596659 (C.D. Cal. June 27, 2008), aff'd, 328 F. App'x 538 (9th Cir. 2009).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for terminating sanctions be GRANTED; and

2. The instant action be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

11