UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESTEVEN FIGUEROA, et al.,<br><br>　　　　　Defendants. | No.  1:23-cv-00843-JLT-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND DISMISSING ACTION<br><br>(Docs. 86, 89) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 8, 2025, the assigned magistrate judge issued Findings and Recommendations recommending Defendants' motion for terminating sanctions be granted because Mr. Rabb failed to participate with his deposition. (Doc. 89.)  The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 21 days. (Doc. 89 at 11.) Plaintiff filed objections January 30, 2025, and Defendants filed a response on February 3, 2025.  (Docs. 92, 93.)

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. In his objections, Plaintiff provides copies of prison grievance forms dated November 30, 2024, in

1

which he asserted that he was not "contacted" by "escorting officers" about his scheduled deposition on November 8, 2024. (Doc. 92.) Plaintiff does not claim to have been unaware of the deposition. (*Id*.) Instead, he seems to be asserting that he required an escort to safely move around his place of incarceration and was not provided with such an escort. (*Id*.) Even assuming that Plaintiff's version of events is true (i.e., that he was not "contacted" by prison staff and was refused an escort),[1] Plaintiff does not assert that he made any attempts to contact staff himself about the scheduled deposition or make any efforts to attend the deposition. Between November 8, 2024 and the week following, Mr. Rabb does not claim that he contacted defense counsel, via mail, telephone or otherwise to explain why he did not appear at his deposition, nor did he file anything with the Court explaining the situation.

On the other hand, this is third time that defense counsel has attempted to take Mr. Rabb's deposition. The first time, the deposition was set on August 28, 2023. In advance of the deposition, Mr. Rabb filed objections to the defense taking his deposition because he felt that he had not received in discovery the information he sought. (Doc. 71 at 1-2) The Court overruled the objection and ordered Mr. Rabb to submit to his deposition. (Doc. 72)

Mr. Rabb appeared at his deposition but refused to answer any question while asserting a Fifth Amendment privilege. (Doc. 81 at 5; Doc. 77-2 at 2) He refused to answer, on the same basis, whether he believed that answering could subject him to criminal prosecution. (Doc. 77-2 at 23) At the deposition, he stated

> I want to be respectful to these proceedings, but for the overall proceedings, I want to invoke my Fifth Amendment privilege, and the question – my question basis, I mean, it's going to waste a lot of time. I mean, I'm not trying to shut down your end of it, but its – that's what it's going to be continuously, and I'm just identifying at this point that I'm feeling a little annoyed and kind of – I'm feeling uncomfortable with the line of questioning and the – having to continue to invoke my Fifth Amendment privilege, and it seems like this is going to continue for however long you decide you want to continue to ask questions. That doesn't feel comfortable to me.
>
> So I don't know where we go from there. I wouldn't want to just up and just walk out of the proceedings, but, I mean, if it is something you can maybe let somebody know that Mr. Plaintiff doesn't want to participate in these proceedings at this point, I could highly appreciate that. It's not my intent to be disrespectful or anything towards you, but I let the court know that I would much rather not participate in

---

[1] These assertions are directly contradicted by evidence presented by Defendants. (*See* Doc. 89 at 6.)

> these proceedings and – but I decided to still come, respectfully, but I'm beginning to feel kind of uncomfortable and kind of annoyed a little bit, and a little embarrassed.

(Doc. 81 at 5, quoting Doc. 77-2 at 23-24) Consequently, defense counsel adjourned the deposition and filed a motion to compel. (Doc. 77) In response, Mr. Rabb did not claim an entitlement to the protections of the Fifth Amendment. (Doc. 79) Instead, he objected to the deposition as, apparently, an illegitimate discovery device. *Id*. He claimed that his appearance at the deposition was sufficient, despite that he provided no substantive responses. *Id.* Once again, the Court ruled against Mr. Rabb, imposed a fee award on him and ordered him to submit to deposition. (Doc. 81 at 10) In doing so, the Court warned him, "Plaintiff's failure to participate in the rescheduled and re-noticed deposition may result in a recommendation to dismiss the action as a discovery sanction." *Id.* [2]

Even assuming that Plaintiff was not provided an escort, the record supports the magistrate judge's finding that Plaintiff's failure to attend the November 8, 2024 deposition was willful. "[D]isobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault." *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated January 8, 2025 (Doc. 89) are **ADOPTED IN FULL**.
2. Defendants' motion for terminating sanctions (Doc. 86) is **GRANTED**.
3. The instant action is dismissed with prejudice.

IT IS SO ORDERED.

Dated:   **February 12, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] The second time the defense attempted to take Mr. Rabb's deposition on October 21, 2024, it could not proceed "due to technical issues at Kern Valley State Prison." (Doc. 86-2 at 2) It was cancelled when "KVSP staff notified defense counsel that Plaintiff's deposition could not go forward due to technical issues-not due to any fault of Plaintiff." (Doc. 88 at 2)

3