1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
10

11   DAMEN D. RABB,                           Case No. 1:23-cv-00843 JLT SAB (PC)

12            Plaintiff,                       INDICATIVE RULING DENYING
                                              PLAINTIFF'S MOTIONS FOR
13        v.                                   RECONSIDERATION AND APPLICATION
                                              FOR CERTIFICATE OF APPEALABILITY
14   ESTEVEN FIGUEROA, et al.,
                                              (Docs. 96, 97, 98)
15            Defendants.

16

17          Damen Rabb is a state prisoner who proceeded *pro se* in this civil rights action filed

18   pursuant to 42 U.S.C. § 1983, seeking to hold Defendants Figueroa and Chavez liable for

19   violations of his rights under the Eighth Amendment.  After Plaintiff failed to participate in his

20   deposition—despite the Court ordering Plaintiff to submit to the deposition— the Court found

21   terminating sanctions were appropriate.  (Docs. 89, 94.)  The Court dismissed the action with

22   prejudice and entered judgment on February 12, 2025.  (Docs. 94, 95.)  Plaintiff now seeks

23   reconsideration, requests the Court vacate its prior order, and issue a certificate of appealability.

24   (Docs. 96, 97, 98.)

25          Notably, Plaintiff filed a notice of appeal the same day as the pending motions, as he

26   signed both the motions and his notice of appeal on February 27, 2025; and the Court received the

27   documents on March 7, 2025.  (*See* Doc. 96 at 1, 3; Doc. 97 at 1-2; Doc. 99 at 1-2.)  In general,

28   the filing of a notice of appeal divests the court of jurisdiction "over those aspects of the case

                                             1

1   involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997).  However, courts

2   have indicated the simultaneous filing of a notice of appeal and a motion for reconsideration does

3   not divest a district court of jurisdiction.  *See Sanders v. Matthew*, 2016 WL 11486352, at *1 n.1

4   (E.D. Cal. Mar. 9, 2016)); *see also Miller v. Marriott Int'l, Inc.,* 300 F.3d 1061, 1064 (9th Cir.

5   2002) (finding the plaintiff's motions for reconsideration "prevented the notices of appeal from

6   becoming effective until the district court ruled on the merits of those motions").  Even if the

7   notice of appeal divests this Court of jurisdiction, Rule 62.1 of the Federal Rule of Civil

8   Procedure permits the Court to treat Plaintiff's motions as a request for an indicative ruling.  Fed.

9   R. Civ. P. 62.1(a); *see also Kajberouni v. Bear Valley Cmty. Servs. Dist.*, 2021 WL 1907606, at

10  *2 (E.D. Cal. Sept. 14, 2021) (observing "there is authority indicating that *simultaneous* filings do

11  not operate to divest a district court of jurisdiction," but issuing an "indicative ruling" under Rule

12  62.1 in "an abundance of caution") (emphasis in original); *Braun–Salinas v. Am. Family Ins.*

13  *Grp.*, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for

14  reconsideration filed after a notice of appeal).  Thus, the Court issues this as an indicative ruling.

15          As noted above, Plaintiff seeks reconsideration of the Court's order imposing terminating

16  sanctions and dismissing the action with prejudice.  (Docs. 96, 97.)  The Court construes the

17  motions as filed under Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party

18  to request the court alter or amend its judgment.[1]  Fed. R. Civ. P. 59(e).

19          The Ninth Circuit explained relief may be granted under Rule 59(e) where a district court

20  "'is presented with newly discovered evidence, committed *clear error*, or if there is an

21  intervening change in the controlling law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)

22  (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) [emphasis in original]).

23  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and

24  conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890

25  (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in the

---

[1] The Court construes the motions as filed under Rule 59(e) because Plaintiff filed his motions within 28 days of the Court entering judgment.  *See* Fed. R. Civ. P. 59(e); *see also Moore v. Mortg. Elec. Registration Sys., Inc*., 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp*., 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule, and as a motion under Federal Rule of Civil Procedure 60(b) otherwise)).

1  "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.

2  2003) (citing *Kona*, 229 F.3d at 883).  A Rule 59(e) motion "may not be used to relitigate old

3  matters, or to raise arguments or present evidence that could have been raised prior to the entry of

4  judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks

5  omitted).

6        Plaintiff's motion does not provide any basis for overturning the Court's judgment.  In

7  support of his motion for reconsideration, Plaintiff states the ruling was "erroneous," and that "the

8  district court is bound to follow the precedure (sic) of the memorandum of law."  (Doc. 96 at 1;

9  *see also* Doc. 97 at 1.)  However, this assertion is simply an expression of his disagreement with

10  the order imposing terminating sanctions.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111,

11  1131 (E.D. Cal. 2001).  Plaintiff's disagreement with the Court is insufficient to support his

12  requests for reconsideration.  *See id.* ("[a] party seeking reconsideration must show more than a

13  disagreement with the Court's decision"); *Pac. Stock, Inc. v. Pearson Educ.*, 927 F. Supp. 2d 991,

14  1005 (D. Haw. 2013) ("[m]ere disagreement with a previous order is an insufficient basis for

15  reconsideration") (citation omitted).

16        Moreover, is undisputed that Plaintiff failed to participate in his noticed depositions,

17  which prevented Defendants from adequately defending the claims against them.  (*See* Docs. 77,

18  86.)  The Court warned Plaintiff that his failure to participate or attend depositions could result in

19  terminating sanctions.  (*See* Doc. 72 at 2, Doc. 81 at 10.)  Despite these warnings, Plaintiff failed

20  to participate in his deposition as ordered.  As the record reflects, the Court did not err in

21  imposing terminating sanctions.[2]  Plaintiff does not identify new or different facts that he could

22  not have shown upon an earlier motion—or in his objections to the magistrate judge's Findings

23  and Recommendations regarding terminating sanctions— or otherwise stablish proper grounds

24  for reconsidering the Court's final order.

25        Finally, a certificate of appealability is not required in this case.  The certificate of

[2] Towards this end, even if the Court construed Plaintiff's motion as one brought under Rule 60(b) of the Federal Rules of Civil Procedure, the record does not support a conclusion that the Court made a "substantive error of law or fact in its judgment or order," as required to show a "mistake" that warrants relief under Rule 60(b).  *See* Fed. R. Civ. P. 60(b)(1); *see also Bretana v. Int'l Collection Corp.,* 2010 WL 1221925, at *1 (N.D. Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)).

1    appealability requirement applies to claims for habeas corpus relief, not a civil action.  *See* Fed.

2    R. App. P. 22(b); *see also Dalluge v. U.S. Dep't of Justice*, 2011 WL 1675407, at *1 (W.D.

3    Wash. May 4, 2011) ("As this case was brought pursuant to 42 U. S.C. § 1983, there is no

4    requirement for a certificate of appealability"); *Jenkins v. Caplan*, 2010 WL 3057410, at *1 (N.D.

5    Cal. Aug. 2, 2010) ("a Certificate of Appealability is inapplicable to a § 1983 action").

6         For the reasons set forth above, the Court makes the following indicative ruling pursuant

7    to Federal Rule of Civil Procedure 62.1.  If the Court of Appeals remands this case for the Court

8    to rule on the pending motions for reconsideration, the Court will order:

9         1.    Plaintiff's motions for reconsideration (Docs. 96 and 97) are **DENIED**; and

10        2.    Plaintiff's application for a certificate of appealability (Doc. 98) is **DENIED**.

11        The Clerk of Court is directed to terminate the pending motions and send a copy of this

12    order to the Ninth Circuit.

13

14    IT IS SO ORDERED.

15        Dated:   **May 22, 2025**

      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

4